

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

FILED
CLERKS OFFICE
2005 JAN 31 P 1:06
U.S. DISTRICT COURT
DISTRICT OF MASS.

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

January 28, 2005

BY FACSIMILE AND MAIL

Roger Witkin, Esq.
6 Beacon Street
Boston, MA 02108

      Re:  United States v. Edwin Serrano;
           Cr. No. 04-10044-MLW

Dear Mr. Witkin:

    I write in response to your discovery letter of January 18, 2005. Your requests are addressed seriatim below.

1. The government has provided to you all documents that fall within the automatic disclosure requirements of Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts. Other than what has already been provided, the government has no information responsive to this request.

2. The government has provided to you all documents that fall within the automatic disclosure requirements of Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts. Other than what has already been provided, the government has no information responsive to this request.

3. The government has provided to you all documents that fall within the automatic disclosure requirements of Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts. Other than what has already been provided, the government has no information

responsive to this request.

4. The government has provided to you all documents that fall within the automatic disclosure requirements of Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts. Other than what has already been provided, the government has no information responsive to this request.

5. Local Rule 116.9 requires the preservation of particular documents until after trial, and the agents working on this investigation are aware of their obligations under that Local Rule. To the extent that these documents contain information subject to disclosure under Local Rule 116.2(B)(2), that information will be disclosed 21 days before trial. See also United States v. Ruiz, 536 U.S. 622 (2002). The government declines to comply with this request at this time.

6. Residual Hearsay Exception

    The government objects to this request as seeking information that is not currently subject to disclosure under Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, and declines to comply with this request at this time.

7. FRE 404(b)

    The government objects to this request as seeking information that is not currently subject to disclosure under Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, and declines to comply with this request at this time. Upon proper request reasonably before trial, the government will provide information regarding any Rule 404(b) information it intends to introduce at trial. See United States v. Tuesta-Toro, 29 F.3d 771, 775 (1st Cir.1994) (noting that the government's obligation, upon proper request, is to provide the defense with notice of its intent to introduce Rule 404(b) information at a reasonable time before trial).

8.  <u>FRE 608(b)</u>

    The government objects to this request as seeking information that is not currently subject to disclosure under Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, and declines to comply with this request at this time. Upon proper request reasonably before trial, the government will provide information regarding any Rule 608(b) information it intends to introduce at trial. <u>See</u> <u>United States v. Tuesta-Toro</u>, 29 F.3d 771, 775 (1st Cir.1994) (noting that the government's obligation, upon proper request, is to provide the defense with notice of its intent to introduce Rule 404(b) information at a reasonable time before trial).

9.  <u>FRE 609</u>

    The government objects to this request as seeking information that is not currently subject to disclosure under Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, and declines to comply with this request at this time. Upon proper request reasonably before trial, the government will provide information regarding any Rule 609(b) information it intends to introduce at trial. <u>See</u> <u>United States v. Tuesta-Toro</u>, 29 F.3d 771, 775 (1st Cir.1994) (noting that the government's obligation, upon proper request, is to provide the defense with notice of its intent to introduce Rule 404(b) information at a reasonable time before trial).

    Please do not hesitate to call me if you have any questions about this or any other matter.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                    By:    /s/ Peter K. Levitt
                            PETER K. LEVITT
                            Assistant U.S. Attorney

cc:   Rex Brown, Courtroom Clerk to the Honorable Joyce London Alexander