UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10044-MLW

UNITED STATES

V.

EDWIN SERRANO

**ORDER ON**

**DEFENDANT'S MOTION TO COMPEL
EARLY DISCLOSURE AND PRODUCTION
OF DISCOVERY MATERIALS
(Docket # 32)**

ALEXANDER, M.J.

The defendant in this case, Edwin Serrano, has moved to compel early disclosure of certain discovery materials. The Court heard oral arguments on the motion on March 22, 2005. After careful consideration of the parties' asseverations, both oral and written, and for the reasons set forth more fully below, the Court DENIES the motion.

Pursuant to Rule 116.1(C)(1) of the Local Rules of the United States District Court for the District of Massachusetts, the government must produce certain discovery within twenty-eight (28) days of arraignment or fourteen (14)

days of receipt of a written statement by a defendant that he will not waive the automatic discovery requirement. Additionally, Local Rule 116.2 requires the disclosure of exculpatory evidence by the government. Not all of that evidence, however, need be disclosed within the brief time period set forth in Local Rule 116.1.

Exculpatory information that would, *inter alia*, "tend directly to negate the defendant's guilt . . ." or "cast doubt on the admissibility of evidence that the government anticipates offering" – often referred to as "Brady" or "Brady/Giglio" material given the rule's origins in Brady v. Maryland, 273 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) – must be produced within the time period set forth in Local Rule 116.1(C)(1). Other types of exculpatory information, such as information that "tends to cast doubt on the credibility or accuracy of any witness whom or evidence that the government anticipates calling or offering in the case-in-chief," need not be produced until twenty-one (21) days prior to trial. L.R. 116.2(B)(2).

Mr. Serrano, however, seeks all of this information now, and, in addition, seeks "Jencks material" – material that, pursuant to the Jencks Act, 18 U.S.C. §

3500, the government is not required to disclose at this stage.[1]  More specifically, Mr. Serrano seeks the "early disclosure of informants, Jencks material, Brady/Giglio material, Fed. R. Evid. 807 (residual hearsay), Fed. R. Evid. 404(b) (bad acts), Fed R. Evid. 608 (B) and Fed. R. Evid. 609 Evidence materials." Memorandum of Law in Support of Defendant's Motion for Early Disclosure of Discovery Materials at 1-2.  In response, the government asserts that it has provided all of the required automatic discovery to which Mr. Serrano is entitled at this stage, and that any additional information will be produced at the times required by the relevant rules.

 Mr. Serrano's contentions regarding the need for the material in question are, as the government notes, not based on the specifics of his own case.  Instead, Mr. Serrano has filed what the government refers to as a "stock motion" that asserts a general position that the types of material that Mr. Serrano seeks should be produced sooner rather than later so that "a defendant has an adequate

---

[1] The Jencks Act states that

> [i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

3

opportunity to prepare his or her defense." Id. at 4.  Nowhere does Mr. Serrano assert that his case in particular warrants the production of information earlier than the time frames set forth in the rules.  If the government already knew or had the information that Mr. Serrano seeks – e.g., information that the government is not required to produce until twenty-one (21) days before trial – this Court would probably direct the government to produce that information, but such is not the case.

The government has produced all that it is required to produce at this stage of the proceedings, and this Court does not find Mr. Serrano's averments for additional early production to be compelling.  Mr. Serrano's motion to compel early disclosure and production of discovery materials is therefore DENIED.  SO ORDERED.

| | |
|---|---|
| 4/11/05 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |