UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04 10044 MLW

UNITED STATES

V.

EDWIN SERRANO
Defendant.

### ORDER ON

### MOTION IN REGARD TO COUNSEL
### (DOCKET #40);

### DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL
### (DOCKET #41);

### AND

### DEFENDANT'S MOTION TO DISMISS COUNCIL (sic)
### (DOCKET #42)

ALEXANDER, M.J.

The defendant, Edwin Serrano, appeared before this Court on July 19, 2005, for a hearing on the above-stated motions, all of which involved Mr. Serrano's representation by Attorney Roger Witkin. Mr. Serrano and counsel for the government, Assistant United States Attorney Peter Levitt, were present in the courtroom for the hearing. Mr. Witkin appeared by telephone conference. To the

extent that the defendant resolved his request after conference with Mr. Witkin, the motions are denied.

The defendant's concerns can be compartmentalized as misinterpretations or misperceptions of his options, i.e., to plead guilty and forego trial or to plead not guilty and go to trial. This Court explained to the defendant that he indeed had a choice of options as was reaffirmed by Mr. Witkin. The choices, particularly respecting potential sentencing options, were not to the defendant's liking. As the Court explained during the colloquy, however, while the defendant may not find his options palatable, such a rationale is not good cause and is an insufficient basis for displacing an extremely competent lawyer.[1]

An indigent defendant has the right to be represented by counsel, Gideon v. Wainwright, 372 U.S. 335 (1963), but that defendant does not have the right to have a particular lawyer represent him, United States v. Poulack, 556 F.2d 83, 86 (1st Cir. 1977), nor to demand a different appointed lawyer except for good cause, United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973). "Where the accused voices objections to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction." Thomas v. Wainwright, 767 F.2d 738, 741 (11th Cir. 1985) (citing Young, 482 F.2d at 995). Good cause for substitution of

---

[1] It is akin to shooting the messenger.

2

counsel cannot be determined "'solely according to the subjective standard of what the defendant perceives.'" United States v. Allen, 789 F.2d 90, 93 (1st Cir. 1986) (quoting McKee v. Harris, 649 F.2d 927, 932 (2nd Cir. 1981). Loss of trust in counsel is a factor in assessing good cause, but is insufficient standing alone. Id. (citing Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985)).

While many First Circuit cases uphold denials of motions for substitution of appointed counsel on the grounds that the motion is untimely (generally on the eve of trial or once trial has begun), no pre-trial or trial date has yet been set in this case, according to both counsel and the docket. United States v. Reyes provides insight into what is required to be shown for a reappointment. After a court "appoints an attorney to represent an accused, a subsequent decision to replace that attorney is committed to the informed discretion of the appointing court." United States v. Reyes, 352 F.3d 511, 515 (1st Cir. 2003) (citations omitted). In evaluating whether a district court abused its discretion in deciding to deny a motion for reappointment of counsel, an appellate court "considers the following factors: the timeliness of the motion, the adequacy of the court's inquiry into the defendant's complaint, and whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense." Id. (citations omitted).

3

While this defendant's motion may be timely because no pre-trial or trial dates have been scheduled, the Court must still conduct an inquiry into the defendant's reasons for the motion and determine if there was a lack of communication between the defendant and his counsel. When a defendant "seeks the replacement of appointed counsel, we expect the trial court to conduct an appropriate inquiry into the source of the defendant's dissatisfaction." United States v. Myers, 294 F.3d 203, 207 (1st Cir. 2002). The "extent and nature of the inquiry may vary in each case; it need not amount to a full formal hearing." United States v. Woodard, 291 F.3d 95, 108 (1st Cir. 2002). See, e.g., Myers, 294 F.3d at 205-07 (holding there was a sufficient inquiry when the judge engaged in a conversation with the defendant and with defendant's counsel regarding the reason for the motion to withdraw); Allen, 789 F.2d at 93 (holding there was an adequate inquiry when the court "invited appellant to make a statement, listened to his reasons for being dissatisfied with his counsel, and found them to be without merit"). Moreover, the denial is more compelling when, pursuant to United States v. Pierce, 60 F.3d 886, 891 (1st Cir. 1995), there was found to be no abuse of discretion when trial court denied defendant's motion for new counsel when the record revealed the lawyer and defendant conversed and had some appreciation for each other's opinions.

4

Accordingly, given the aforementioned, the motion is DENIED.

SO ORDERED.

_7/25/05_
Date

_____
United States Magistrate Judge