UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                        NO. 04 10044 MLW

EDWIN SERRANO

## MOTION FOR APPROPRIATE RELIEF

Under the advisory Sentencing Guideline this adult defendant, who has pleaded, because of prior felony convictions for crimes of violence, is subject to disposition as a career offender.  U.S.S.G.§4B1.1.

The two relevant convictions are from Middlesex Superior Court, docket numbers 1994-01511 and 1994-01391.  As to each, with docket entries attached, the defendant submitted his motions to vacate convictions.  See Exhibit A, number 1994-01511 and Exhibit B, number 1994-01391.  Each motion was summarily denied by the Court, Hely, J.  See Exhibit C attached hereto.

Thereafter undersigned counsel sought to have the defendant brought before the Superior Court to remove the defaults (See Exhibit C) and process the Motion to Vacate.  See Exhibit D, number 1994-01511 and Exhibit E, number 1994-01391.

These motions were referred by Judge Hely to the First Criminal Session.  See Exhibit F.

Thereafter, undersigned counsel learned that the United States Marshals would NOT honor a state court *habeas corpus*.

It thus came as no surprise that when the defendant's probation officer in Middlesex, Craig O'Leary, sought and got a *habeas corpus* for the defendant to appear on April 7, 2005, that it was not honored by the Marshals. See Exhibit G.

Without the cooperation of the Marshals, the defendant will not have the opportunity to present the grounds for his Motion to Vacate to the Superior Court.

The defendant's Board of Probation record (BOP) shows that he is in default on 1994-01391, and that a warrant has issued. See Exhibit H.

The failure of the Marshals and their announced policy to not respond to State court process violates their own policies. See Exhibit I.

The apparent recourse is for a Federal Judge to order the United States Marshals to bring the defendant to Middlesex Superior Court to answer to the default and to press his motions. Counsel is prepared again to seek a *habeas corpus* from Middlesex, directed to the United States Marshals.

See attached affidavit of counsel.

/s/Roger Witkin
ROGER WITKIN
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATED: September 14, 2005

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                              CRIMINAL NO. 04 10044 MLW

EDWIN SERRANO

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the within document was

served upon the attorney of record for the United States, AUSA Peter K. Levitt,

and a courtesy copy to the Clerk of Court by mail and electronic filing, which was

e-filed this day.

*/s/ Roger Witkin*
Roger Witkin
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATE: September 14, 2005

## UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                    CRIMINAL NO. 04 10044 MLW

EDWIN SERRANO

## AFFIDAVIT IN SUPPORT OF MOTION FOR APPROPRIATE RELIEF

1. I, Roger Witkin, am counsel o record for the defendant in both the Federal and State cases referenced herein.

2. Under the advisory Sentencing Guideline this adult defendant, who has pleaded, because of prior felony convictions for crimes of violence, is subject to disposition as a career offender. U.S.S.G.§4B1.1.

3. The two relevant convictions are from Middlesex Superior Court, docket numbers 1994-01511 and 1994-01391. As to each, with docket entries attached, the defendant submitted his motions to vacate convictions. Each motion was summarily denied by the Court.

4. I then sought to have the defendant brought before the Superior Court to remove the defaults (See Exhibit C) and process the Motion to Vacate.

5. These motions were referred by Judge Hely to the First Criminal Session.

6. The defendant's probation officer in Middlesex, Craig O'Leary, obtained a valid *habeas corpus* for the defendant to appear on April 7, 2005,

7. I was informed by the U.S. Marshals that the *habeas corpus* for the defendant to appear would not be honored.

8. Without the cooperation of the Marshals, the defendant will not have the opportunity to present the grounds for his Motion to Vacate to the Superior Court.

9. The defendant's Board of Probation record (BOP) shows that he is in default on 1994-01391, and that a warrant has issued.

Signed under the penalties of perjury this 14th day of September, 2005.

/s/ *Roger Witkin*
**ROGER WITKIN**

# EXHIBIT A

# ROGER WITKIN

ATTORNEY AT LAW
6 BEACON STREET
BOSTON, MASSACHUSETTS 02108

———

TEL (617) 523-0027
FAX (617) 523-2024

February 11, 2005

Criminal Clerk
Middlesex Superior Court
40 Thorndike Street, 1st Floor
East Cambridge, MA 02141

## RE: COMMONWEALTH V. EDWIN SERRANO
## NO. 1994 01511

Gentlepeople:

In regard to the above entitled matter enclosed herewith kindly find Motion To Vacate Conviction, Affidavit, Memorandum and Docket Entries.

Would you kindly bring this motion to the attention of the Presiding Justice.

Mr. Serrano is now in federal custody being held at the Essex County Jail in Middleton, Massachusetts.

Thank you.

Very truly yours,


## ROGER WITKIN

/slw

encs.

c.c.   client
       District Attorney's Office

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                          SUPERIOR COURT
                                         NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

## MOTION TO VACATE CONVICTION

The defendant moves to vacate his conviction on the above numbered
indictment because at all times that he appeared in Court, whether it be for
arraignment, plea or violation of probation, there was never a Spanish speaking
interpreter interpreting what was going on.

Attached hereto please find a copy of the docket entries in the case which
do not reflect an interpreter being present, and the defendant's Affidavit. The
defendant requests a hearing on this motion.

                                         By his attorney,


                                         ROGER WITKIN
                                         6 Beacon Street,
                                         Suite 1010
                                         Boston, MA 02108
                                         Tel. 617 523 0027
                                         Fax 617 523 2024
                                         BBO No. 531780

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX_S.S.

SUPERIOR COURT

NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

## AFFIDAVIT/DECLARACION JURADA

1. My name is Edwin Serrano.

2. I am the defendant in this case.

3. There was no Spanish interpreter in the Court when I was arraigned cargos on September 9, 1994.

4. There was no Spanish interpreter in the Court when I pleaded guilty on November 18, 1994.

Signed this day    of 22/08/2005, under the penalties of perjury.

/s/ Edwin Serrano

EDWIN SERRANO

---

1. Me llamo Edwin Serrano.

2. Soy el acusado de este caso.

3. No hubo intérprete al español en el Tribunal cuando me leyeron los

el 9 de septiembre de 1994.

4. No hubo intérprete al español en el Tribunal cuando me declaré culpable el 16 de noviembre de 1994.

Firmado este    de    de 22/08/2005 bajo pena de perjurio

EDWIN SERRANO

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                     SUPERIOR COURT
                                   NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

## MEMORANDUM OF LAW ON SUPPORT OF
## DEFENDANT'S MOTION TO VACATE CONVICTION

As set out in the defendant's Motion and Affidavit, the defendant a Spanish speaking person was never appointed an interpreter by the Court. A hearing will disclose that the defendant's attorney informally translated for him. The defendant's inability to speak and understand English was apparent to the Court and the actions of defense counsel attempting to both represent the defendant and translate for him was obvious. Well knowing the situation the Court that took no action *sua sponte* to appoint an interpreter

While the Supreme Court has established that it is within the discretion of the Court whether to appoint an interpreter, Perovich v United States, 205 US 86, 91 (1907), it has not found a right to state-provided interpreters to be a constitutional absolute since that issue has never been squarely presented. Lower federal courts have held, however, that if the Court is put on notice that a defendant has a language difficulty, the court must make it unmistakably clear to him that he has the right to have a competent translator assist him, at state expense if he is indigent, throughout the proceeding. United States v Carrion, 488 F2d 12, 15 (1st Cir 1973), cert denied, 416 US 907 (1974); United

States ex rel. Negron v New York, 434 F2d 386, 390-91 (2d Cir 1970). Conversely, if
the need for an interpreter's services is not apparent nor are such services requested, it is
no abuse of discretion to fail to advise a defendant of their availability. United States v
Barrios, 457 F2d 680, 682 (9th Cir 1972).

While the defendant recognizes that no constitutional authority that presently exists
in Massachusetts for providing a non-English speaking person the right to an independent
interpreter. See Commonwealth v. Alves, 35 Mass. App. Ct. 935, 937 (1993), in this
case, the blatant disregard of the defendant's right renders the entire proceedings invalid

In this case the judge abused his discretion under Rule 41, by failing to appoint a
certified interpreter, and in so doing, violated the defendant's rights under the Fifth,  Sixth
and Fourteenth Amendments to the United States Constitution and Article 12 of the
Massachusetts Declaration of Rights, to be present and participate in his own defense.  See
Commonwealth v. Biaikie, 375 Mass. 601, 608 (1978).

Massachusetts Rules of Criminal Procedure, Rule 41 (INTERPRETERS AND
EXPERTS) provides in pertinent part:

> The judge may appoint an interpreter or expert if justice so requires and may
> determine the reasonable compensation for such services and direct payment
> therefor.

The right of a defendant to be present at trial means the right in the sense of being
able to comprehend and participate meaningfully in the proceeding and the requirement
that a defendant have "sufficient . . . ability to consult with his lawyer with a reasonable.
degree of rational understanding." Dusky v United States, 362 US 402 (1960). See also
Lewis v United States, 146 US 370, 372 (1892) and United States ex rel. Negron v
New York, 434 F2d 386 (2d Cir 1970).

The six amendment right to be confronted with adverse witnesses, applicable to the states through the fourteenth amendment, mandate that an interpreter be available to the defendant or witness who cannot effectively communicate. See Pointer v Texas, 380 US 400 (1965). Otherwise, "[t]he adjudication loses its character as a reasoned interaction . . . and becomes an invective against an insensible object." United States ex rel. Negron, supra at 389, quoting Note, Incompetency to Stand Trial, 81 HARV L REV 454, 458 (1969).

The Massachusetts Rule of Criminal Procedure, Rule 41 is modeled on the Federal Court Interpreters Act , 28 U.S.C. § 1827 and the federal decisions concerning the application of the rule are instructive.    It is well settled that under the Court Interpreters Act "the appointment of an interpreter lies within the sound discretion of the trial judge." United States v. Coronel-Quintana, 752 F.2d 1284, 1291 (8th Cir. 1985) citing United States v. Tapia, 631 F.2d 1207, 1210 (5th Cir. 1980). Once the District Court decides to appoint an interpreter, however, it is obligated to follow the mandates of the Court Interpreters Act. Both federal procedure and Massachusetts procedure require a certified interpreter.

In this case when the Court failed to appoint a certified interpreter or to determine whether a certified interpreter was reasonably necessary before proceeding with the defense lawyer as an informal interpreter the court committed plain error. See United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002) (citing United States v. Olano, 507 U.S. 725, 732-33, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993)). To constitute plain error, a court ruling must be (1) an error, (2) which is plain, i.e., clear

3

under current law, and (3) which affects the defendant's substantial rights. Thompson, 289 F.3d at 526; United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993). It is error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Thompson, 289 F.3d at 526 (citing Olano, 507 U.S. at 732).

Here, the Court's failure to appoint a certified interpreter to assist the defendant indeed constitutes plain error. The rule is clear: once a Court determined OR BECAME AWARE OF THE FACT, that the defendant was in need of an interpreter, the Court should not have proceeded with the assistance of the defense attorney but rather it was obligated to use a certified interpreter. See United States v. Paz, 981 F.2d 199, 200 (5th Cir. 1992). The certification requirement is intended to provide a procedural safeguard for non-native English speaking defendants during legal proceedings. Paz, 981 F.2d at 200 ("The certification process serves as a safeguard to guarantee that the Court interpreter is competent."); United States v. Huang, 960 F.2d 1128, 1135 (2d Cir. 1992) ("Implicit in [the qualification] requirement is the notion that the interpreter should be competent to render accurate translations." [Quoting United States v. Villegas, 899 F.2d 1324, 1348 (2d Cir. 1990)].

The principle purpose of Rule 41 and the CIA is "to ensure that the defendant can comprehend the proceedings . . . " through the appointment of a certified interpreter. United States v. Febus, 218 F.3d 784, 791 (7th Cir. 2000).

Judges are entrusted with great discretion because defendants do not have an automatic right to an interpreter under Rule 41 as in its Federal counterpart the Federal Court Interpreters Act.   A defendant is only entitled to the appointment of an interpreter

4

if the Court determines that the defendant: (1) speaks only or primarily a language other than the English language; and (2) this fact inhibits their comprehension of the proceedings or communication with counsel. In making this determination, at Court must evaluate a variety of factors, including defendant's knowledge of English and the complexity of the proceedings and testimony. Courts have a duty to evaluate these factors when put on notice that the defendant speaks only or primarily a language other than English. See e.g., 28 U.S.C. § 1827(d)(1).

Courts may be put on notice by motion of the parties, or, as in this case, by the Court's own recognition, when it is clear that the defendant's communication with the Court or counsel is inhibited by language. Once a Court is on notice, it has a duty to inquire as to whether the fact that the defendant speaks only or primarily a language other than English inhibits his or her ability to comprehend the proceedings and communicate with counsel. See United States v. Rosa, 946 F.2d 505, 508 (7th Cir. 1991) [citing United States v. Moya-Gomez, 860 F.2d 706, 740 (7th Cir. 1988)].

The United States Supreme Court has yet to recognize the right to a court-appointed interpreter as a constitutional one. But, in 1907, the Supreme Court stated: "One [claim] is that the court erred in refusing to appoint an interpreter when the defendant was testifying. This is a matter largely resting in the discretion of the trial court, and it does not appear from the answers made by the witness that there was any abuse of discretion." Perovich v. United States, 205 U.S. 86, 91, 51 L. Ed. 722, 27 S. Ct. 456 (1907). It was not until 1970 that a circuit court held that an indigent criminal defendant

5

who could not speak or understand English was constitutionally entitled to an interpreter. See Negron v. New York, 434 F.2d 386, 387 (2d Cir. 1970).

In United States v. Cirrincione, 780 F.2d 620, 634 (7th Cir. 1985), the Court held that "a defendant in a criminal proceeding is denied due process when: (1) what is told to him is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to [the defendant] in a manner designed to insure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact.".

Cases from various circuits have since also recognized such a constitutional right which are compiled in United States v. Mayans, 17 F.3d 1174, 1179-81 (9th Cir. 1994) (holding that the defendant's Fifth Amendment rights were violated when interpreter withdrawn by court); see also United States v. Carrion, 488 F.2d 12, 14-15 (9th 1973).

## CONCLUSION

In this case upon becoming aware of the fact that the defendant did not speak English and that his attorney was translating for him, the Court, *sua sponte*, was obliged both by Rule 41 and the defendant's Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights.

6

Respectfully submitted,

EDWIN SERRANO

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

AS-20040909

# Commonwealth of Massachusetts
## MIDDLESEX SUPERIOR COURT
### Case Summary
### Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01511
## Commonwealth v Serrano, Edwin

| File Date | 08/17/1994 | Status | Disposed (sentenced) (dsenimp) |
|---|---|---|---|
| Status Date | 11/16/1994 | Session | 6 - Crim 6 (Lowell) |
| Jury Trial | Unknown | Origin | I - Indictment |
| Lead Case | | | |

| Arraignment | 09/09/1994 | Track | | | Final PTC | |
|---|---|---|---|---|---|---|
| Disp. Deadline | 09/09/1995 | Deadline Status | Deadline active since return date | | Status Date | 09/12/1994 |
| Pro Se Deft | No | Custody Status | | | Start Date | |
| Weapon | | Substance | | | Prior Record | Unknown |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| | 01/13/1994 | 269:010:a | Guilty plea | 11/16/1994 |
| | Dang weapon, possess gun, no license, on person/in MV | | | |
| | 01/13/1994 | 269:010:h.1 | Guilty plea | 11/16/1994 |
| | Dang weapon, possess/transfr gun/ammo, no ID card | | | |
| | 01/13/1994 | 269:011C | Guilty plea | 11/16/1994 |
| | Remove/mutilate firearm serial#, receive such firearm | | | |
| | 12/08/1993 | 094C:032A:c | Guilty plea | 11/16/1994 |
| | Class B substnc, phencyclidine/cocaine, distrib/manufac | | | |

### PARTIES

**Defendant**
Edwin Serrano
Gender: Male
Active 08/17/1994

**Private Counsel 548038**
Richard P Howe Jr
11 Kearney Square
Lowell, MA 01852
Phone: 978-454-9167
Fax: 978-453-4419
Active 09/09/1994 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 08/17/1994

**District Atty's Office 559563**
Alison M Takacs
Middlesex County District Atty's Office
40 Thorndike Street
East Cambridge, MA 02141
Phone: 617-494-4050
Fax: 617-225-0871
Active 09/09/1994 Notify

AS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

## MICR1994-01511
### Commonwealth v Serrano, Edwin

Alias deft name
Edwin Maldonado
Gender: Male
Alias (see real party's status) 08/17/1994

ENTRIES

| Date | Paper | Text |
|---|---|---|
| /17/1994 | 1.0 | Indictment returned |
| /09/1994 | | Appearance of Commonwealth's Atty: Takacs |
| /09/1994 | 2.0 | Appointment of Counsel Howe Jr #0792892-2 |
| /09/1994 | | Appearance of Deft's Atty: Howe Jr |
| /09/1994 | | Deft arraigned before Court |
| /09/1994 | | RE offense 1: Plea of not guilty |
| /09/1994 | | RE offense 2: Plea of not guilty |
| /09/1994 | | RE offense 3: Plea of not guilty |
| /09/1994 | | RE offense 4: Plea of not guilty |
| /09/1994 | | RE offense 5: Plea of not guilty |
| 09/1994 | | RE offense 6: Plea of not guilty |
| 09/1994 | | RE offense 7: Plea of not guilty |
| 09/1994 | | RE offense 8: Plea of not guilty |
| 09/1994 | | Bail set: $50,000.00 with surety or $5,000.00 cash (Charles J Hely, Justice) Mittimus issued not recognizing. |
| 09/1994 | | 09/27/94 for motions on all matters. |
| 09/1994 | 3.0 | Mittimus not recognizing indictments returned with service endorsed thereon. |
| 27/1994 | 4.0 | Pre-trial conference report, Filed in Court. |
| 27/1994 | | Continued until 10/17/94 for assignment of a trial date on all matters. |
| 29/1994 | 5.0 | Commonwealth's Notice of Discovery, Filed in Court. |
| 16/1994 | | Plea of not guilty changed to guilty; accepted (Charles J Hely, Justice) Commonwealth moves for sentence. |
| 16/1994 | | RE offense 1: Guilty plea |
| 16/1994 | | RE offense 2: Guilty plea |
| 16/1994 | | RE offense 3: Guilty plea |
| 16/1994 | | RE offense 4: Guilty plea |
| 16/1994 | | RE offense 5: Guilty plea |
| 6/1994 | | RE offense 6: Guilty plea |
| 6/1994 | | RE offense 7: Guilty plea |
| 6/1994 | | RE offense 8: Guilty plea |
| 6/1994 | | Sentence imposed: 001 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 6/1994 | | Sentence imposed: 002 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 6/1994 | | Sentence imposed: 003 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT |

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01511
### Commonwealth v Serrano, Edwin

| Date | Paper | Text |
|---|---|---|
| | | OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE |
| 1/16/1994 | | Sentence imposed: 004 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 1/16/1994 | | Sentence imposed: 005 - HOUSE OF CORRECTION, TWO YEARS. |
| 1/16/1994 | | Victim-witness fee assessed: $50.00 |
| 1/16/1994 | | This sentence is deemed by the Court to have commenced on.....the defendant having been in confinement....157....days. Mitts. Issued. By the Court, Charles J. Hely, Justice. |
| 1/16/1994 | | Sentence imposed: 006 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 1/16/1994 | | Sentence imposed: ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 1/16/1994 | | Sentence imposed: ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 1/16/1994 | 6.0 | Mittimus returned with service on 005. |
| /17/1994 | | Attested copy of Indictment mailed to the Master of the House of Correction, Billerica. |
| /17/1994 | | Abstract mailed to the Bureau of Criminal Information. |

| Date | Session | Event | Result |
|---|---|---|---|
| 1/17/1994 | Crim 6 (Lowell) | Conference: Trial Assignment | |
| 1/21/1994 | Crim 6 (Lowell) | Status: Review by Session | Event held as scheduled |
| /16/1994 | Crim 6 (Lowell) | Hearing: Plea Change | Event held as scheduled |



**Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this 29th of November

# EXHIBIT B

# ROGER WITKIN

ATTORNEY AT LAW
6 BEACON STREET
BOSTON, MASSACHUSETTS 02108

TEL (617) 523-0027
FAX (617) 523-2024

February 11, 2005

Criminal Clerk
Middlesex Superior Court
40 Thorndike Street, 1st Floor
East Cambridge, MA 02141

## RE:   COMMONWEALTH V. EDWIN SERRANO
## NO. 1994 01391

Gentlepeople:

In regard to the above entitled matter enclosed herewith kindly find Motion
To Vacate Conviction, Affidavit, Memorandum and Docket Entries.

Would you kindly bring this motion to the attention of the Presiding Justice.

Mr. Serrano is now in federal custody being held at the Essex County Jail in
Middleton, Massachusetts.

Thank you.

Very truly yours,

**ROGER WITKIN**

/slw

encs.

c.c.    client
        District Attorney's Office

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                    SUPERIOR COURT
                                   NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO

## MOTION TO VACATE CONVICTION

The defendant moves to vacate his conviction on the above numbered indictment because at all times that he appeared in Court, whether it be for arraignment, plea or violation of probation, there was never a Spanish speaking interpreter interpreting what was going on.

Attached hereto please find a copy of the docket entries in the case which do not reflect an interpreter being present, and the defendant's Affidavit. The defendant requests a hearing on this motion.

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX. S.S.                                    SUPERIOR COURT

NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO

## AFFIDAVIT/ DECLARACION JURADA

1. My name is Edwin Serrano.

2. I am the defendant in this case.

3. I served the sentence imposed on this case.

4. There was no Spanish interpreter in the Court when I was arraigned on August 19, 1994.

5. There was no Spanish interpreter in the Court when I pleaded guilty on November 16, 1994.

6. There was no Spanish interpreter when I was found in violation of probation at a Probation Revocation Hearing on February 7, 1997.

7. There was no Spanish interpreter when I was brought in to Court on July 10, 2000.

8. There was no Spanish interpreter when I was released on personal recognizance on November 16,

1. Me llamo Edwin Serrano.

2. Soy el acusado de este caso.

3. Cumplí yo la condena que se impuso en este caso.

4. En el Tribunal no hubo intérprete al español cuando me leyeron los cargos el 19 de agosto de 1994.

5. No hubo intérprete al español en el Tribunal cuando me declaré culpable el 16 de noviembre de 1994.

6. No hubo intérprete al español cuando fallaron que violé la libertad condicional, en una audiencia de revocar libertad condicional, el 7 de febrero de 1997.

7. No hubo intérprete al español cuando me llevaron ante el Tribunal el 10 de Julio de 2000.

8. No hubo intérprete al español cuando me pusieron en libertad bajo palabra el 16 de noviembre

2000.

9. There was no Spanish interpreter when I appeared on December 30, 2002.

10. There was no Spanish interpreter present on November 13, 2003 for the final Probation Hearing.

de 2000.

9. No hubo intérprete al español cuando comparecí el 30 de diciembre de 2002.

10. No hubo Intérprete al español el 13 de noviembre de 2003, para la audiencia final de libertad condicional.

Signed this       day of , 0&/0&/ 2005, under the penalties of perjury.

/s/ Edwin Serrano

EDWIN SERRANO

Firmado este    de 0&/0&/ de 2005 bajo pena de perjurio.

Edwin Serrano

EDWIN SERRANO

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                        SUPERIOR COURT
                                       NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO


## MEMORANDUM OF LAW ON SUPPORT OF
## DEFENDANT'S MOTION TO VACATE CONVICTION

As set out in the defendant's Motion and Affidavit, the defendant a Spanish speaking person was never appointed an interpreter by the Court. A hearing will disclose that the defendant's attorney informally translated for him. The defendant's inability to speak and understand English was apparent to the Court and the actions of defense counsel attempting to both represent the defendant and translate for him was obvious. Well knowing the situation the Court that took no action *sua sponte* to appoint an interpreter

While the Supreme Court has established that it is within the discretion of the Court whether to appoint an interpreter, Perovich v United States, 205 US 86, 91 (1907), it has not found a right to state-provided interpreters to be a constitutional absolute since that issue has never been squarely presented. Lower federal courts have held, however, that if the Court is put on notice that a defendant has a language difficulty, the court must make it unmistakably clear to him that he has the right to have a competent translator assist him, at state expense if he is indigent, throughout the proceeding. United States v Carrion, 488 F2d 12, 15 (1st Cir 1973), cert denied, 416 US 907 (1974); United

States ex rel. Negron v New York, 434 F2d 386, 390-91 (2d Cir 1970). Conversely, if the need for an interpreter's services is not apparent nor are such services requested, it is no abuse of discretion to fail to advise a defendant of their availability. United States v Barrios, 457 F2d 680, 682 (9th Cir 1972).

While the defendant recognizes that no constitutional authority that presently exists in Massachusetts for providing a non-English speaking person the right to an independent interpreter. See Commonwealth v. Alves, 35 Mass. App. Ct. 935, 937 (1993), in this case, the blatant disregard of the defendant's right renders the entire proceedings invalid

· In this case the judge abused his discretion under Rule 41, by failing to appoint a certified interpreter, and in so doing, violated the defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights, to be present and participate in his own defense. See Commonwealth v. Blaikie, 375 Mass. 601, 608 (1978).

Massachusetts Rules of Criminal Procedure, Rule 41 (INTERPRETERS AND EXPERTS) provides in pertinent part:

> The judge may appoint an interpreter or expert if justice so requires and may determine the reasonable compensation for such services and direct payment therefor.

The right of a defendant to be present at trial means the right in the sense of being able to comprehend and participate meaningfully in the proceeding and the requirement that a defendant have "sufficient . . . ability to consult with his lawyer with a reasonable degree of rational understanding." Dusky v United States, 362 US 402 (1960). See also Lewis v United States, 146 US 370, 372 (1892) and United States ex rel. Negron v New York, 434 F2d 386 (2d Cir 1970).

2

The six amendment right to be confronted with adverse witnesses, applicable to the states through the fourteenth amendment, mandate that an interpreter be available to the defendant or witness who cannot effectively communicate. See Pointer v Texas, 380 US 400 (1965). Otherwise, "[t]he adjudication loses its character as a reasoned interaction . . . and becomes an invective against an insensible object." United States ex rel. Negron, supra at 389, quoting Note, Incompetency to Stand Trial, 81 HARV L REV 454, 458 (1969).

The Massachusetts Rule of Criminal Procedure, Rule 41 is modeled on the Federal Court Interpreters Act , 28 U.S.C. § 1827 and the federal decisions concerning the application of the rule are instructive.     It is well settled that under the Court Interpreters Act "the appointment of an interpreter lies within the sound discretion of the trial judge." United States v. Coronel-Quintana, 752 F.2d 1284, 1291 (8th Cir. 1985) citing United States v. Tapia, 631 F.2d 1207, 1210 (5th Cir. 1980). Once the District Court decides to appoint an interpreter, however, it is obligated to follow the mandates of the Court Interpreters Act. Both federal procedure and Massachusetts procedure require a certified interpreter.

In this case when the Court failed to appoint a certified interpreter or to determine whether a certified interpreter was reasonably necessary before proceeding with the defense lawyer as an informal interpreter the court committed plain error. See United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002) (citing United States v. Olano, 507 U.S. 725, 732-33, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993)). To constitute plain error, a court ruling must be (1) an error, (2) which is plain, i.e., clear

3

under current law, and (3) which affects the defendant's substantial rights. Thompson,
289 F.3d at 526;  United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993).  It
is error that seriously affects the fairness, integrity, or public reputation of judicial
proceedings.  See  Thompson, 289 F.3d at 526 (citing  Olano, 507 U.S. at 732).

    Here, the Court's failure to appoint a certified interpreter to assist the defendant
indeed constitutes plain error. The rule is clear: once a Court determined OR BECAME
AWARE OF THE FACT, that the defendant was in need of an interpreter, the Court
should not have proceeded with the assistance of the defense attorney but rather it was
obligated to use a certified interpreter. See  United States v. Paz, 981 F.2d 199, 200
(5th Cir. 1992). The certification requirement is intended to provide a procedural
safeguard for non-native English speaking defendants during legal proceedings. Paz, 981
F.2d at 200 ("The certification process serves as a safeguard to guarantee that the Court
interpreter is competent."); United States v. Huang, 960 F.2d 1128, 1135 (2d Cir.
1992) ("Implicit in [the qualification] requirement is the notion that the interpreter
should be competent to render accurate translations." [Quoting  United States v. Villegas,
899 F.2d 1324, 1348 (2d Cir. 1990)].

    The principle purpose of Rule 41 and the CIA is "to ensure that the defendant can
comprehend the proceedings . . . " through the appointment of a certified interpreter.
United States v. Febus, 218 F.3d 784, 791 (7th Cir. 2000).

    Judges are entrusted with great discretion because defendants do not have an
automatic right to an interpreter under Rule 41 as in its Federal counterpart the Federal
Court Interpreters Act.   A defendant is only entitled to the appointment of an interpreter

4

if the Court determines that the defendant: (1) speaks only or primarily a language other than the English language; and (2) this fact inhibits their comprehension of the proceedings or communication with counsel. In making this determination, at Court must evaluate a variety of factors, including defendant's knowledge of English and the complexity of the proceedings and testimony. Courts have a duty to evaluate these factors when put on notice that the defendant speaks only or primarily a language other than English. See e.g., 28 U.S.C. § 1827(d)(1).

Courts may be put on notice by motion of the parties, or, as in this case, by the Court's own recognition, when it is clear that the defendant's communication with the Court or counsel is inhibited by language. Once a Court is on notice, it has a duty to inquire as to whether the fact that the defendant speaks only or primarily a language other than English inhibits his or her ability to comprehend the proceedings and communicate with counsel. See United States v. Rosa, 946 F.2d 505, 508 (7th Cir. 1991) [citing United States v. Moya-Gomez, 860 F.2d 706, 740 (7th Cir. 1988)].

The United States Supreme Court has yet to recognize the right to a court-appointed interpreter as a constitutional one. But, in 1907, the Supreme Court stated: "One [claim] is that the court erred in refusing to appoint an interpreter when the defendant was testifying. This is a matter largely resting in the discretion of the trial court, and it does not appear from the answers made by the witness that there was any abuse of discretion." Perovich v. United States, 205 U.S. 86, 91, 51 L. Ed. 722, 27 S. Ct. 456 (1907). It was not until 1970 that a circuit court held that an indigent criminal defendant

5

who could not speak or understand English was constitutionally entitled to an interpreter. See <u>Negron v. New York</u>, 434 F.2d 386, 387 (2d Cir. 1970).

In <u>United States v. Cirrincione</u>, 780 F.2d 620, 634 (7th Cir. 1985), the Court held that "a defendant in a criminal proceeding is denied due process when: (1) what is told to him is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to [the defendant] in a manner designed to insure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact.".

Cases from various circuits have since also recognized such a constitutional right which are compiled in <u>United States v. Mayans</u>, 17 F.3d 1174, 1179-81 (9th Cir. 1994) (holding that the defendant's Fifth Amendment rights were violated when interpreter withdrawn by court); see also <u>United States v. Carrion</u>,  488 F.2d 12, 14-15 (9th 1973).

## CONCLUSION

In this case upon becoming aware of the fact that the defendant did not speak English and that his attorney was translating for him, the Court, *sua sponte*, was obliged both by Rule 41 and the defendant's Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights.

6

Respectfully submitted,

EDWIN SERRANO

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

IAS-20040909

# Commonwealth of Massachusetts
## MIDDLESEX SUPERIOR COURT
### Case Summary
### Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01391
## Commonwealth v Serrano, Edwin

| | | | | |
|---|---|---|---|---|
| File Date | 08/04/1994 | Status | Suspended (default warrant) (suwarr) | |
| Status Date | 01/29/2004 | Session | 1 - Crim 1 (6B Cambridge) | |
| Jury Trial | Unknown | Origin | I - Indictment | |
| Lead Case | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Arraignment | 08/19/1994 | Track | | Final PTC | |
| Disp. Deadline | 08/19/1995 | Deadline Status | Deadline active since return date | Status Date | 08/22/1994 |
| Pro Se Deft | No | Custody Status | | Start Date | |
| Weapon | | Substance | | Prior Record | Unknown |

### OFFENSES

| lum | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| | 06/11/1994 | 265:024.1 | Guilty plea | 11/16/1994 |
| | Assault, intent to rape | | | |
| | 06/11/1994 | 265:019:b | Guilty plea | 11/16/1994 |
| | Robbery, unarmed | | | |
| | 06/11/1994 | 265:013H | Guilty plea | 11/16/1994 |
| | Indecent assault & battery on person 14 or over | | | |
| | 06/11/1994 | 275:002 | Guilty plea | 11/16/1994 |
| | Threat(s) | | | |
| | 06/11/1994 | 094C:034.1 | Guilty plea | 11/16/1994 |
| | Controlled substnc, possess | | | |

### PARTIES

Defendant
Edwin Serrano
DOB: 02/10/1976
Gender: Male
Active 08/04/1994

Private Counsel 548038
Richard P Howe Jr
11 Kearney Square
Lowell, MA 01852
Phone: 978-454-9167
Fax: 978-453-4419
Withdrawn 07/10/2000

Private Counsel 556389
Debra D DeWitt
Ahern & DeWitt
200 Central Street
Lowell, MA 01852
Phone: 978-970-2989
Fax: 978-970-2633
Inactive 12/30/2002

AS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01391
### Commonwealth v Serrano, Edwin

Private Counsel 552751
Stephen J Wright
335 Common Street
Lawrence, MA 01840
Phone: 978-685-3377
Fax: 978-687-8328
Active 12/30/2002 Notify

Plaintiff
Commonwealth
Gender: Unknown
Active 08/04/1994

District Atty's Office 559563
Alison M Takacs
Middlesex County District Atty's Office
40 Thorndike Street
East Cambridge, MA 02141
Phone: 617-494-4050
Fax: 617-225-0871
Active 06/19/1994 Notify

| | | ENTRIES |
|---|---|---|
| to | Paper | Text |
| 04/1994 | 1.0 | Indictment returned |
| 16/1994 | | Continued until 08/19/94 for arraignment on all matters. |
| 19/1994 | 2.0 | Appointment of Counsel Howe, Jr. |
| 19/1994 | | Appearance of Deft's Atty: Howe Jr |
| 19/1994 | | Appearance of Commonwealth's Atty: Takacs |
| 19/1994 | | Deft arraigned before Court |
| 19/1994 | | RE offense 1: Plea of not guilty |
| 19/1994 | | RE offense 2: Plea of not guilty |
| 19/1994 | | RE offense 3: Plea of not guilty |
| 19/1994 | | RE offense 4: Plea of not guilty |
| 9/1994 | | RE offense 5: Plea of not guilty |
| 9/1994 | | Bail set: $20,000.00 with surety or $2,000.00 cash (Martha B Sosman, Justice) Mittimus issued not recognizing. |
| 9/1994 | | Continued until 09/09/94 for pre-trial conference on all matters. |
| 9/1994 | 3.0 | Mittimus not recognizing Indictments returned with service. |
| 9/1994 | | Deft notified of right to request drug exam |
| 9/1994 | 4.0 | Pre-trial conference report, Filed in Court. |
| 9/1994 | | Continued until 09/27/94 for motions on all matters. |
| 7/1994 | | Continued until 10/17/94 for assignment of a trial date on all matters. |
| 9/1994 | 5.0 | Commonwealth's Notice of Discovery, Filed in Court. |
| 1/1994 | | Continued until 11/16/94 for an assignment of a trial date by agreement on all matters. |
| 3/1994 | | Plea of not guilty changed to guilty; accepted (Charles J Hely, Justice) Commonwealth moves for sentence. |
| 3/1994 | | RE offense 1: Guilty plea |
| 5/1994 | | RE offense 2: Guilty plea |
| 5/1994 | | RE offense 3: Guilty plea |

AS-20040909

11/29/2004
01:08 PM

## MICR1994-01391
### Commonwealth v Serrano, Edwin

| te | Paper | Text |
|---|---|---|
| '16/1994 | | RE offense 4: Guilty plea |
| '15/1994 | | RE offense 5: Guilty plea |
| 16/1994 | | Sentence imposed: 001-M.C.I., Cedar Junction for a term not exceeding Seven Years, or less than Five Years. This sentence to take effect from and after expiration of the sentence imposed this day in #94-1151-005. Sentence suspended for three years. Deft as principal and J Burke as surety recog in $100 and on Three Years Probation Terms: (1) No Contact, Employment Or School (2) Evaluation for Drug Abuse (Charles J Hely, Justice) |
| 16/1994 | | Sentence imposed: 002 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION FOR A TERM NOT EXCEEDING....SEVEN....YEARS, OR LESS THAN....FIVE.....YEARS. This sentence to be served concurrently with the sentence imposed this day in #94-1391-001. Sentence suspended for three years. Defendant as principal and J. Burke as surety recognizing in $100.00 and on three years probation. (see #94-1391-001. By the Court, Charles J. Hely, Justice. |
| 6/1994 | | Sentence imposed: 003 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION FOR A TERM NOT EXCEEDING....SEVEN...YEARS, OR LESS THAN....FIVE....YEARS. This sentene to be served concurrently with the sentence imposed this day in #94-1391-001. By the Court, Charles J. Hely, Justice. |
| 5/1994 | | Sentence imposed: 004 - ON FILE BY ORDER OF C. HELY, J., DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 5/1994 | | Sentence imposed: 005 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| '/1994 | | Abstract mailed to the Bureau of Criminal Information. |
| '/1996 | 6.0 | Attorney's Motion to Withdraw, Filed in Court. |
| '/1997 | 7.0 | Habeas corpus for Deft at Essex Correctional Facility (Middleton) |
| '/1997 | | AFTER HEARING, DEFENDANT IS FOUND IN VIOLATION OF PROBATION AND IS SURRENDERED. |
| /1997 | | Sentence imposed: 001 - THE SUSPENDED PORTION OF THE SENTENCE IMPOSED ON NOVEMBER 16, 1997 IS THIS DAY IN FULL FORCE AND EFFECT -. FORTHWITH. MITTS ISSUED. THE DEFENDANT IS FURTHER ORDERED TO BE PLACED ON PROBATION FOR A PERIOD OF THREE YEARS (J. BURKE AS SURETY) TO BE SERVED FROM AND AFTER THE ABOVE IMPOSED SENTENCE. BY THE COURT, (BALL, J.) |
| 1997 | | Sentence imposed: 002 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION FOR A TERM NOT EXCEEDING....SEVEN YEARS.... OR LESS THAN...., FIVE YEARS..... THREE YEARS TO BE SERVED. This sentence to be served concurrently with the sentence imposed this day in #94-1391-01. By the Court, (Ball, J.) |
| 1997 | | Sentence imposed: 003 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION FOR A TERM NOT EXCEEDING.... SEVEN YEARS..... OR LESS THAN.... FIVE YEARS..... THREE YEARS TO BE SERVED FORTHWITH. MITTS ISSUED. This sentence to be served concurrently with the sentence imposed this day in #94-1391-01. By the Court, (Ball, J.) |

LS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01391
### Commonwealth v Serrano, Edwin

| to | Paper | Text |
|---|---|---|
| '07/1997 | | Notified of right of appeal under Rule 64 "Appeal Court" |
| '07/1997 | | Mittimus issued on Indictments 001, 002, and 003 issued to MCI Cedar Junction |
| 07/1997 | 8.0 | Mittimus on Indictment 001,002 and 003 returned with service |
| 18/1997 | | Letter from Dept of Corrections regarding sentence |
| 01/1997 | | Amended Mittimus issued to MCI Cedar Junction |
| 01/1997 | | 003 - THE SENTENCE IMPOSED ON NOVEMBER 16, 1994 IS THIS DAY AMENDED TO READ: FOUR (4) TO FIVE (5) YEARS AT CEDAR JUNCTION. MITTS ISSUED BY THE COURT, (Hely, J.) |
| 06/2000 | | Defendant defaulted; warrant to issue |
| 06/2000 | | Warrant was entered onto the Warrant Management System 06/06/2000 |
| 10/2000 | 9.0 | Appointment of Counsel Debra D DeWitt |
| 10/2000 | | Appearance of Deft's Atty: Debra D DeWitt |
| 10/2000 | | Default removed; warrant recalled |
| 0/2000 | | Ball set: $50,000 surety or $5,000 cash (Hely, J) |
| 0/2000 | | Mittimus issued not recog. indictments |
| 0/2000 | | Bail warning read in open court |
| 0/2000 | | Continued until 7/27/00 for status |
| 0/2000 | | Reporter present: Virginia Karas |
| 4/2000 | 10.0 | Mittimus Not Recog. - Indictments returned with service |
| 6/2000 | | Bail set on 7/10/00 revoked |
| 6/2000 | | Deft released on personal recognizance (Fabricant, J) |
| 6/2000 | | Probation continued to original date 12/3/2002 |
| 6/2000 | | Reporter present: Virginia Karas |
| 5/2001 | 11.0 | Probation warrant issued |
| 5/2002 | 12.0 | Habeas corpus for Deft at Middlesex County Jail (Cambridge) for Monday, December 30, 2002. |
| )/2002 | | VTP warrant recalled |
| )/2002 | | Appearance of Deft's Atty: Stephen J Wright |
| )/2002 | | Bail set: $20,000 surety or $2,000 cash (Locke, J) |
| I/2002 | | Mittimus issued |
| v2002 | | Continued until 2/14/03 for final surrender in 6B at request of both sides |
| /2002 | | Conditions Of Bail: If bail is made deft is to report to probation, Remain employed, Stay at same residence with girlfriend (Locke, J) |
| /2002 | 13.0 | Mittimus (001) not recog. indictments returned with service |
| /2003 | | Habeas corpus for Deft at Camb. Jail 02-14-02 |
| /2003 | 14.0 | Bail satisfied: $2000.00 Cash  Red # 9985 Surety:  Defendant |
| '2003 | 15.0 | Clerks Minutes on Probation Hearing (Garsh, Judge, presiding) P.O. Craig O'Leary Result: Continued to 04/11/03 Assistant Clerk Daniel H Doherty |
| 2003 | 16.0 | Clerks Minutes On Probation Hearing (Ball, Judge presiding) Result: Off list-request of Probation Assistant Clerk Matt. Day |
| 2003 | | Reporter present: Leary, Mary |
| 2003 | 17.0 | Clerks Minutes on probation Hearing (Hines, judge, presiding) continued to 07/11/03 for final surrender Assistant Clerk Matt. Day |

AS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT·
Case Summary
Criminal Docket

11/29/2004
01:08 PM

**MICR1994-01391**
Commonwealth v Serrano, Edwin

| ate | Paper | Text |
|---|---|---|
| /29/2003 | | Reporter present: Lynch, Jr., John M. |
| /11/2003 | 18.0 | Clerk's Minutes on Probation Hearing: (Pasquale,CM) Presiding PO Craig O'Leary off the list by agreement |
| /11/2003 | | Reporter present: Lynch, Jr., John M. |
| 19/2003 | 19.0 | Clerk's Minutes on Probation Hearing: (Agnes,J) Presiding PO Craig O'Leary PO Reports case scheduled for 9-19-03 for final surrender at 2 pm |
| 19/2003 | | Reporter present: Jacques, Robert |
| 19/2003 · | 20.0 | Clerks Minutes on Probation Hearing Pasquale J., Presiding--Probation Officer C. O.Leary--Result Off List No Judge Available. (Court Reporter John Lynch (MD/AC) |
| 13/2003 | 21.0 | Clerks Minutes on Probation Hearing Chernoff, J. Presiding--Probation Officer C. O'Leary--Defendant Attorney Stephen Wright--Final Surrender Hearing--Result: Violation of probation found. Additional condition (1) Report every other week in person with job & residential verification. (2) Random Urine Screening.--Continued to 1/29/04 (M/AC) |
| 3/2003 | | Continued until January 29, 2004 |
| 3/2003 | | Reporter present: Welch, Maureen |
| 19/2004 | | Defendant defaulted; warrant to issue |
| 19/2004 | | Warrant was entered onto the Warrant Management System January 29, 2004 |

### EVENTS

| ə | Session | Event | Result |
|---|---|---|---|
| 6/1994 | Crim 6 (Lowell) | Arraignment | |
| 9/1994 | Crim 6 (Lowell) | Habe issued. Arraignment | Event held as scheduled |
| 9/1994 | Crim 6 (Lowell) | Habe issued. Conference: Pre-Trial | Event held as scheduled |
| 7/1994 | Crim 6 (Lowell) | Habe issued. Hearing: Motion | Event held as scheduled |
| 7/1994 | Crim 6 (Lowell) | Habe issued. Conference: Trial Assignment | |
| 0/1994 | Crim 6 (Lowell) | TRIAL: by jury | |
| 5/1994 | Crim 6 (Lowell) | Habe Issued 10/17 TRIAL: by jury | |
| 5/1994 | Crim 6 (Lowell) | Hearing: Plea Change | Event held as scheduled |
| 7/1997 | Crim 6 (Lowell) | Habe Issued 10/24 Hearing: Probation Surrender | Event held as scheduled |
| 1/2000 | Crim 6 (Lowell) | Habe issued 2/5/97 Hearing: Probation Report | Event canceled not re-scheduled |
| 1/2000 | Crim 5 (Lowell) | Assignment of Counsel Hearing: Probation Report | Defendant did not appear/default |
| /2000 | Crim 6 (Lowell) | appt of counsel Hearing: Misc Matters | Event held as scheduled |
| /2000 | Crim 6 (Lowell) | Habe cancelled for 7/7, rescheduled for 7/10 for Default removal Hearing: Probation Report | Event not held--scheduled for another date |
| /2000 | Crim 6 (Lowell) | Habe Issued to Camb. Jail Hearing: Probation Surrender Habe issued to Camb | Event not held--scheduled for another date |

AS-20040909

## Commonwealth of Massachusetts
### MIDDLESEX SUPERIOR COURT
#### Case Summary
#### Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01391
### Commonwealth v Serrano, Edwin

| Date | Session | Event | Result |
|---|---|---|---|
| 1/16/2000 | Crim 6 (Lowell) | Hearing: Probation Report | Event held as scheduled |
| | | Habe issued to Camb | |
| 1/25/2001 | Crim 6 (Lowell) | Hearing: Probation Report | Defendant did not appear/default |
| | | appt of counsel; PO Craig O'Leary; 2pm | |
| 2/30/2002 | Crim 6 (Lowell) | Hearing: Probation Report | Event held as scheduled |
| | | HABE ISSUED TO CAMBRIDGE. | |
| 2/14/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Event held as scheduled |
| | | PO O'Leary | |
| 4/11/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Event not held--joint request |
| | | P.O. Craig O' Leary | |
| 5/29/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Event held as scheduled |
| | | P.O. Craig O'Leary | |
| 7/11/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event not held--req of Defendant |
| | | P.O. Craig O'Leary | |
| 3/19/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event not held--req of Defendant |
| | | P.O. Craig O'Leary | |
| 3/19/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event not held--req of Commonwealth |
| | | P.O. Craig O' Leary | |
| 1/13/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event held as scheduled |
| 7/29/2004 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Defendant did not appear/default |
| | | PO O'Leary | |

### BAIL

| | |
|---|---|
| Bail Type | Cash |
| Bail Amount | $2,000.00 |
| Bail Status | Satisfied |
| Status Date | 01/06/2003 |



Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this ____ ____ of ____ November ____

# EXHIBIT C

Commonwealth of Massachusetts
Superior Court

Middlesex, ss.

Ind. 1994-01391, 1 through 5;
and 1994-01511, 1 through 8

COMMONWEALTH

v.

EDWIN SERRANO

MEMORANDUM OF DECISION AND ORDER
ON MOTION TO VACATE CONVICTION

This motion is denied because, according to the most recent docket entries, the defendant
has been on default with an outstanding default warrant since January 29, 2004, on Indictment
case 1994-01391. The court will not consider the merits of a post-conviction motion while the
defendant is a fugitive.

February 16, 2005

Charles J. Hely
Justice

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

FEB 22 2005

CLERK

# EXHIBIT D

# ROGER WITKIN

ATTORNEY AT LAW
6 BEACON STREET
BOSTON, MASSACHUSETTS 02108

TEL (617) 523-0027
FAX (617) 523-2024

March 9, 2005

Criminal Clerk
Middlesex Superior Court
40 Thorndike Street, 1st Floor
East Cambridge, MA 02141

RE:   **COMMONWEALTH V. EDWIN SERRANO**
      **NO. 1994 01511**

Gentlepeople:

In regard to the above entitled matter enclosed herewith kindly find Motion
For Speedy Trial and Motion For *Habeas Corpus Ad Prosequendum.*

Would you kindly bring this motion to the attention of the Presiding Justice.

Mr. Serrano is now in federal custody being held at the Essex County Jail in
Middleton, Massachusetts.

Thank you.

Very truly yours,

**ROGER WITKIN**

/slw

encs.

c.c.    client
        District Attorney's Office

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                         SUPERIOR COURT
                                        NO. 1994 01511

COMMONWEALTH.

V.

EDWIN SERRANO

# MOTION FOR *HABEAS CORPUS AD PROSEQUENDUM*

The defendant moves for a *habeas corpus ad prosequendum*, in regard to the above matter so that he may resolve the outstanding probation violation, alleged.

The defendant is presently housed in the Essex County House of Correction in Middleton, Massachusetts and is available by process to appear in this Honorable Court.

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                          SUPERIOR COURT
                                         NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

## **MOTION FOR SPEEDY TRIAL**

The defendant moves for a speedy trial of his probation violation, alleged.

                                    By his attorney,


                                    ROGER WITKIN
                                    6 Beacon Street,
                                    Suite 1010
                                    Boston, MA 02108
                                    Tel. 617 523 0027
                                    Fax 617 523 2024
                                    BBO No. 531780

# EXHIBIT E

# ROGER WITKIN

ATTORNEY AT LAW
**6 BEACON STREET**
BOSTON, MASSACHUSETTS 02108

TEL (617) 523-0027
FAX (617) 523-2024

March 9, 2005

Criminal Clerk
Middlesex Superior Court
40 Thorndike Street, 1st Floor
East Cambridge, MA 02141

RE:  **COMMONWEALTH V. EDWIN SERRANO**
     **NO. 1994 01391**

Gentlepeople:

In regard to the above entitled matter enclosed herewith kindly find Motion
For Speedy Trial and Motion For *Habeas Corpus Ad Prosequendum.*

Would you kindly bring this motion to the attention of the Presiding Justice.

Mr. Serrano is now in federal custody being held at the Essex County Jail in
Middleton, Massachusetts.

Thank you.

Very truly yours,

**ROGER WITKIN**

/slw
encs.
c.c.    client
        District Attorney's Office

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                          SUPERIOR COURT
                                         NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO

# MOTION FOR SPEEDY TRIAL

The defendant moves for a speedy trial of his probation violation, alleged.

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                           SUPERIOR COURT
                                          NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO


# **MOTION FOR** *HABEAS CORPUS AD PROSEQUENDUM*


The defendant moves for a *habeas corpus ad prosequendum,* in regard to the above matter so that he may resolve the outstanding probation violation, alleged.

The defendant is presently housed in the Essex County House of Correction in Middleton, Massachusetts and is available by process to appear in this Honorable Court.


                                          By his attorney,



                                          ROGER WITKIN
                                          6 Beacon Street,
                                          Suite 1010
                                          Boston, MA 02108
                                          Tel. 617 523 0027
                                          Fax 617 523 2024
                                          BBO No. 531780

# EXHIBIT F

COMMONWEALTH OF MASSACHUSETTS    **COPY**

MIDDLESEX, S.S.

SUPERIOR COURT
NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

# MOTION FOR *HABEAS CORPUS AD PROSEQUENDUM*

The defendant moves for a *habeas corpus ad prosequendum*, in regard to the above matter so that he may resolve the outstanding probation violation, alleged.

The defendant is presently housed in the Essex County House of Correction in Middleton, Massachusetts and is available by process to appear in this Honorable Court.

3/18/05 *Referred to the First Criminal Session, middlesex. C. Hely, J.*

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

MAR 1 1 2005

# EXHIBIT G

03/24/2005 05:22 FAX                        MIDD SUP PROB                                          ☑017/018

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

### WRIT OF HABEAS CORPUS FOR DEFENDANT

**CRIMINAL DOCKET# MICR1994-01291**

RE: Commonwealth vs. Serrano, Edwin

To:     Sheriff,
        Essex Correctional Facility (Middleton),
        20 Manning Road
        Middleton MA 01949
                or to the Sheriffs of our several counties; or their deputies; the Officers of the
Court, hereinafter named,

**GREETING:**

WE COMMAND you that you have the body of
Edwin Serrano , (DOB) 02/10/1976) (PCF#)) (hereinafter, Defendant  a/k/a (if any),

who is detained in said institution under your custody, as it is said, under safe and sure
conduct, before the Superior Court, Department of the Trial Court, holden at Cambridge, in
said County, for the transaction of criminal business, on 04/07/2005, at  10:00 AM in Rm
6B (Cambridge), then and there to appear for Hearing: Probation Initial Surrender in said
Court and from day to day thereafter until final disposition of the case and to do and receive
what our said Justices shall then and there consider concerning him in this behalf, and have
you there this writ.

Witness, Barbara J. Rouse, Esquire, Chief Justice of the Superior Court at
Cambridge this 24th day of March in the year of our Lord 2005.

_____
Assistant Clerk

Middlesex, ss.                        **RETURN**
                                      Date:

In obedience to this writ, I have the body of the within-named Edwin Serrano before
the Court.

                              _____
                              Officer of the Court

PLEASE NOTE: Our records indicate that the above-named defendant is
located at your institution. If, however, he/she has been transferred
please forward this habe immediately per Order of the Court
Barbara J. Rouse,  Chief Justice of the Superior Court.

# EXHIBIT H

03/24/2005 05:20 FAX                         MIDD SUP PROB                              @009/018

PCF  ADULT  RECORD INFORMATION AS OF 03/24/2005       PAG:  1 OF  4

PRIM NAME: SERRANO, EDWIN M              DOB: 02/10/1976 PCF#:.093776CV    CSO

SEX: M  SS #: 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 MOTHER: SANDRA RAMIREZ
                          FATHER: ANGEL SERRANO
HOME ADDR :71 NEWBURY ST APT 14 LAWRENCE, MA       POB: PR
ZIP CODE : 01841-

ETHNICITY: HISPANIC      HGT: 002  WGT: 175  HAIR: BLACK        EYES: BROWN

DT: 11/10/2004 FED CRT:  BOSTON FEDERAL(F90)              D T#.  041004401
OFFENSE: DISTRIBUTE/DISPENSE CLASS B(CSA DIST B)         COC INE BASE
DISPOSITION: (2 CTS) C                                     STATUS: OPEN

DT: 10/01/2001 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0118CR5821A
OFFENSE: ASSAULT AND BATTERY(A&B)                       HOUSEHOLD MEMBER
DISPOSITION: WAR 12/4/02 WAR/WD C 1/24/03 DISM             STATUS: CLOSED

DT: 12/26/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR8766A
OFFENSE: POSS. CLASS E CONT SUB(CSA POSS B)             COC INE
DISPOSITION: DF 12/4/02 WAR/WD C 2/12/04 JT WAR           STATUS: WARR
                                                                  LAW

DT: 06/19/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR3725A
OFFENSE: ABUSE PREVENTION ACT(AB PREV ACT)
DISPOSITION: C 10/4/00 DISM                                STATUS: CLOSED

DT: 06/19/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR3725B
OFFENSE: ASSAULT AND BATTERY(A&B)
DISPOSITION: C 11/10/00 DISM                               STATUS: CLOSED

DT: 06/19/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR3907A
OFFENSE: KIDNAPPING(KIDNP)
DISPOSITION: C 9/6/00 DISM                                 STATUS: CLOSED

DT: 06/19/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR3907B
OFFENSE: A&B DANGEROUS WEAPON(A&B DW)                    GUN
DISPOSITION: C 9/6/00 DISM                                 STATUS: CLOSED

DT: 06/19/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR3907C
OFFENSE: A&B DANGEROUS WEAPON(A&B DW)                    GUN
DISPOSITION: C 9/6/00 DISM                                 STATUS: CLOSED

DT: 06/19/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR3907D
OFFENSE: A&B DANGEROUS WEAPON(A&B DW)                    SHOT FOOT
DISPOSITION: C 9/6/00 DISM                                 STATUS: CLOSED

DT: 06/19/2000 LAW CRT:  LAWRENCE DISTRICT( 18)          D T#  0018CR3907E
OFFENSE: THREATENING(THREAT)                            COM CRIME MURDER
DISPOSITION: C 9/6/00 DISM                                 STATUS: CLOSED

03/24/2005 05:20 FAX                          MIDD SUP PROB                                    @010/018

PCF  ADULT    RECORD INFORMATION AS OF 03/24/2005              PAGE  2 OF  4

PRIM NAME: SERRANO, EDWIN M

                                       DOB: 02/10/1976 PCF#:2093776CV       CSO

DT: 06/19/2000 LAW CRT:   LAWRENCE DISTRICT(.18)
OFFENSE: ASSAULT AND BATTERY(A&B)                            D CT#  0018CR3907F
DISPOSITION: C 9/6/00 DISM

                                                               STATUS: CLOSED

DT: 06/19/2000 LAW CRT:   LAWRENCE DISTRICT( 18)
OFFENSE: POSS. FIREARM W/O. PERMIT(FIR. POSS. WO. PERM)       D CT#  0018CR3907G
DISPOSITION: C 9/6/00 DISM                                    NO LICENSE
                                                               STATUS: CLOSED

DT: 06/19/2000 LAW CRT:   LAWRENCE DISTRICT(.18)
OFFENSE: POSS OF FIREARM(FIR. POSS)                          D CT#  0018CR3907H
DISPOSITION: C 9/6/00 DISM                                   W/O FT FIREARM IDCARD
                                                               STATUS: CLOSED

DT: 03/23/2000 LAW CRT:   LAWRENCE DISTRICT( 18)
OFFENSE: CONSPIRACY TO VIO CONT SUB ACT(CSA CONSP)          D CT#  0018CR2043A
DISPOSITION: C 5/31/00 DF 6/19/00 D/R C 10/4/00 DISM
                                                               STATUS: CLOSED

DT: 06/11/1996 LAW CRT:   LAWRENCE DISTRICT(.18)
OFFENSE: DISTRIBUTE/DISPENSE CLASS B(CSA DIST B)           D CT#  9618CR4215A
DISPOSITION: C 11/25/96 G 2YR CMTD                          COCAINE
                                                               STATUS: CLOSED

DD: 06/11/1996 LAW CRT:   LAWRENCE DISTRICT( 18)
OFFENSE: DISTRIBUTE/DISPENSE CLASS B(CSA DIST B)           D CT#  9618CR4215B
DISPOSITION: C 11/25/96 G 2YR CMTD                          COCAINE
                                                               STATUS: CLOSED

DT: 09/09/1994 LOW CRT:   MIDDLESEX SUPERIOR( 81)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                 D CT#  941511001
DISPOSITION: C 11/16/94 FILE                                HAN GUN
                                                               STATUS: CLOSED

DT: 09/09/1994 LOW CRT:   MIDDLESEX SUPERIOR( 81)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                 D CT#  941511002
DISPOSITION: C 11/16/94 FILE
                                                               STATUS: CLOSED

DT: 09/09/1994 LOW CRT:   MIDDLESEX SUPERIOR( 81)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                 D CT#  941511003
DISPOSITION: C 11/16/94 FILE
                                                               STATUS: CLOSED

DT: 09/09/1994 LOW CRT:   MIDDLESEX SUPERIOR( 81)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                 D CT#  941511004
DISPOSITION: C 11/16/94 FILE
                                                               STATUS: CLOSED

DT: 09/09/1994 LOW CRT:   MIDDLESEX SUPERIOR( 81)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                 D CT#  941511005
DISPOSITION: C 11/16/94 2 YR CMTD
                                                               STATUS: CLOSED

DT: 09/09/1994 LOW CRT:   MIDDLESEX SUPERIOR( 81)
OFFENSE: POSS OF AMMUNITION(POSS AMMO)                     D CT#  941511006
DISPOSITION: C 11/16/94 FILE
                                                               STATUS: OPEN

03/24/2005 05:20 FAX          MIDD SUP PROB                    @011/018

PCF ADULT RECORD INFORMATION AS OF 03/24/2005        PAGE  3 OF  4

PRIM NAME: SERRANO, EDWIN M          DOB: 02/10/1976 PCF#:2093776CV    CSO

DT: 09/09/1994 LOW CRT: MIDDLESEX SUPERIOR( 81)          DKT#    941511007
OFFENSE: DEFAC. FA ID NO: {NO CODE}
DISPOSITION: C 11/16/94 FILE
                                                               STATUS: CLOSED

DT: 09/09/1994 LOW CRT: MIDDLESEX SUPERIOR( 81)          DKT#    941511008
OFFENSE: POSS CONTROLLED SUBS W/I DIST (CSA POSS DIST)   CLASS B..
DISPOSITION: C 9/30/94 FILE
                                                               STATUS: CLOSED

DT: 08/16/1994 LOW CRT: MIDDLESEX SUPERIOR( 81)          DKT#    94139004
OFFENSE: THREATENING(THREAT).
DISPOSITION: C 11/16/94 FILE
                                                               STATUS: CLOSED

DT: 08/16/1994 LOW CRT: MIDDLESEX SUPERIOR( 81)          DKT#    94139005
OFFENSE: POSS CLASS B CONT SUB(CSA POSS B)               COCAINE
DISPOSITION: C 11/16/94 FILE
                                                               STATUS: CLOSED

DT: 08/16/1994 LOW CRT: MIDDLESEX SUPERIOR( 81)          DKT#    941391001
OFFENSE: ASSAULT TO RAPE(ASLT RAPE)
DISPOSITION: 11/16/94 5-7 SS 11/15/98 2/7/97 VOP 5-7 YR 3 YR    STATUS: WARR
             CMTD BAL SS PROB 12/3/99 1/29/04 DF WAR                    PRO

DT: 08/16/1994 LOW CRT: MIDDLESEX SUPERIOR( 81)          DKT#    941391002
OFFENSE: ROBBERY(ROB)                                    UNAF 1
DISPOSITION: 11/16/94 5-7 SS 11/15/98 2/7/97 VOP 5-7 YR 3 YR    STATUS: WARR
             CMTD BAL SS 12/1/99 1/29/04 DF                             PRO

DT: 08/16/1994 LOW CRT: MIDDLESEX SUPERIOR( 81)          DKT#    941391003
OFFENSE: INDECENT A&B ON CHILD(A&B IND CH)
DISPOSITION: 11/16/94 5-7 SS 11/15/98 2/7/97 VOP 5-7 YR 3 YR    STATUS: WARR
             CMTD BAL SS 12/1/99 1/29/04 DF                             PRO

DT: 06/13/1994 LOW CRT: LOWELL DISTRICT( 11)            DKT#    9411CR4516A
OFFENSE: ROBBERY(ROB)                                    UNAF 1
DISPOSITION: C 9/13/94 NP
                                                               STATUS: CLOSED

DT: 06/13/1994 LOW CRT: LOWELL DISTRICT( 11)            DKT#    9411CR4516B
OFFENSE: POSS CLASS B CONT SUB(CSA POSS B)               COCAINE
DISPOSITION: C 9/13/94 NP
                                                               STATUS: CLOSED

DT: 06/13/1994 LOW CRT: LOWELL DISTRICT( 11)            DKT#    9411CR4516C
OFFENSE: A&B IND                                         COCAINE:
DISPOSITION: C 9/13/94 NP
                                                               STATUS: CLOSED

DT: 06/13/1994 LOW CRT: LOWELL DISTRICT( 11)            DKT#    9411CR4516D
OFFENSE: ASSAULT(ASLT)                                   W/I RAPE
DISPOSITION: C 9/13/94 NP
                                                               STATUS: CLOSED

DT: 01/14/1994 CRT: LOWELL DISTRICT( 11)                DKT#    941100337G
OFFENSE: FIREARM VIOLATION(SPECIFY)(FIR)                 DEFRAMING ID #
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP
                                                               STATUS: CLOSED

03/24/2005 05:21 FAX                    MIDD SUP PROB                              ☒012/018

    PCF  ADULT    RECORD INFORMATION AS OF 03/24/2005         PAGE  4 OF  4

PRIM NAME: SERRANO, EDWIN M
                                        DOB: 02/10/1976 PCF#: 1093776CV    CSO

DT: 01/14/1994     CRT:   LOWELL DISTRICT(.11)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                    DET#  9411CR00337A
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP                      HANDGUN
                                                                   STATUS: CLOSED

DT: 01/14/1994     CRT:   LOWELL DISTRICT(.11)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                    DET#  9411CR00337B
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP                      HANDGUN
                                                                   STATUS: CLOSED

DT: 01/14/1994     CRT:   LOWELL DISTRICT(.11)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                    DET#  9411CR00337C
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP                      HANDGUN
                                                                   STATUS: CLOSED

DT: 01/14/1994     CRT:   LOWELL DISTRICT(.11)
OFFENSE: ASSAULT DANGEROUS WEAPON(ASLT DW)                    DET#  9411CR00337D
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP                      HANDGUN
                                                                   STATUS: CLOSED

DT: 01/14/1994     CRT:   LOWELL DISTRICT(.11)
OFFENSE: POSS FIREARM W/O PERMIT (FIR POSS WO PERM)          DET#  9411CR00337E
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP
                                                                   STATUS: CLOSED

DT: 01/14/1994     CRT:   LOWELL DISTRICT(.11)
OFFENSE: POSS OF AMMUNITION(POSS AMMO)                       DET#  9411CR00337F
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP
                                                                   STATUS: CLOSED

DT: 01/14/1994     CRT:   LOWELL DISTRICT(.11)
OFFENSE: FIREARM VIOLATION(SPECIFY)(FIR)                     DET#  9411CR00337H
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP                     PENDING ID#
                                                                   STATUS: CLOSED

DT: 12/09/1993     CRT:   LOWELL DISTRICT(.11)
OFFENSE: TRAFFICKING CONT SUB(CSA TRAFF)                     DET#  9311CR10004A
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP
                                                                   STATUS: CLOSED

DT: 12/09/1993     CRT:   LOWELL DISTRICT(.11)
OFFENSE: CONSPIRACY TO VIO CONT SUB ACT(CSA CONSP)          DET#  9311CR10004B
DISPOSITION: DF 6/13/94 D/R C 9/13/94 NP
                                                                   STATUS: CLOSED

DT: 11/02/1993     CRT:   LOWELL DISTRICT(.11)
OFFENSE: TRESPASSING(TRES)                                   DET#  9311CR8955A
DISPOSITION: DISM
                                                                   STATUS: CLOSED

03/24/2005 05:21 FAX

MIDD SUP PROB

@013/018

PAGE 1 OF 3    C I V I L   R E S T R A I N I N G   O R D E R   AS OF 03/24/2005

DEFENDANT: SERRANO, EDWIN M
(PRIMARY)      MOTHER : SANDRA RAMIREZ              DOB:02/10/1976 PCF:2093776CV    CSO
               FATHER : ANGEL SERRANO
               POB : PR                            SOC SEC : 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
               ADDRESS : 71 NEWBURY ST APT 14 LAWRENCE, MA
               ZIP CODE: 01841-
ETHNICITY: HISPANIC       HGT: 002   WGT: 175  HAIR: BLACK           EYES: BROWN
================================================================================
DEFENDANT : SERRANO, EDWIN M
PLAINTIFF : JORGE R CANARIO
            STREET :
            CITY :
                                                   STATE :

DOCKET:       0118R0673 COURT: 18 ORDER DATE : 07/16/2001 EXP DATE = 07/26/2002
              ORDER : CHAPTER 209A   SECTION  3    STATUS : CLOSED

                         ***** COURT ORDERS *****
                         ----------------------------
1. REFRAIN FROM ABUSE
2. NO CONTACT STAY AT LEAST  100 YDS
3. VACATE/STAY AWAY RESD
4. ADDRESS IMPOUNDED
5. STAY AWAY WORKPLACE
12. SURRENDER GUNS, AMMO, LIC, FID
--------------------------------------------------------------------------------
DEFENDANT : SERRANO, EDWIN M
PLAINTIFF : TAVERAS, RAQUEL
            STREET : 366 LAWRENCE ST 1A
            CITY : LAWRENCE
                                                   STATE : MA

DOCKET:       001BR0579 COURT: 18 ORDER DATE : 06/19/2000 EXP DATE : 06/19/2001
              ORDER : CHAPTER 209A   SECTION  3    STATUS : CLOSED

                         ***** COURT ORDERS *****
                         ----------------------------
1. REFRAIN FROM ABUSE
2. NO CONTACT STAY AT LEAST  100 YDS
3. VACATE/STAY AWAY RESD
7. NO CONTACT WITH ANY CHILD NAMED IN 6 OR LISTED BELOW
   ANTONIO CRUZ           ALEXANDER CRUZ      JEITHIAN AMADOE
12. SURRENDER GUNS, AMMO, LIC, FID
--------------------------------------------------------------------------------

PAGE  2 OF  3    C I V I L   R E S T R A I N I N G   O R D E R   :S OF 03/24/2005

DEFENDANT: SERRANO, EDWIN M
  (PRIMARY)   MOTHER : SANDRA RAMIREZ      DOB:02/10/1976 PCF:1093776CV   CSO
              FATHER : ANGEL SERRANO       SOC SEC : 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
              POB : PR
              ADDRESS: 71 NEWBURY ST APT 14 LAWRENCE, MA
              ZIP CODE: 01841
ETHNICITY: HISPANIC      HGT: 002  WGT: 175  HAIR: BLACK          EYES: BROWN
=================================================================================
DEFENDANT : SERRANO, EDWIN M
PLAINTIFF : TAVERAS, RAQUEL
        STREET : 50 MELVIN ST APT 10-1
        CITY : LAWRENCE
                                           STATE : PR

DOCKET:     0018RO459 COURT: 18 ORDER DATE : 05/18/2000 EXP DATE : 06/01/2000
            ORDER : CHAPTER 209A   SECTION   4   STATUS : CLOSED

                    ***** COURT ORDERS *****
                    ---------------------------
 1. REFRAIN FROM ABUSE
 2. NO CONTACT STAY AT LEAST 100 YDS
 3. VACATE/STAY AWAY RESD AND BLDG
 7. NO CONTACT WITH ANY CHILD NAMED IN 6 OR LISTED BELOW STAY AT LEAST 100 YDS
    ANTONIO CRUZ      ALEXANDER CRUZ      JAFTHIAN AMADO
12. SURRENDER GUNS, AMMO, LIC, FID
---------------------------------------------------------------------------------
DEFENDANT : SERRANO, EDWIN M
PLAINTIFF : RAMIREZ, SANDRA
        STREET : 366 LOWELL ST
        CITY : LAWRENCE
                                           STATE : MA

DOCKET:     0018RO290 COURT: 18 ORDER DATE : 03/29/2000 EXP DATE : 04/12/2000
            ORDER : CHAPTER 209A   SECTION   4   STATUS : CLOSED

                    ***** COURT ORDERS *****
                    ---------------------------
 1. REFRAIN FROM ABUSE
 2. NO CONTACT STAY AT LEAST 100 YDS
 3. VACATE/STAY AWAY RESD
12. SURRENDER GUNS, AMMO, LIC, FID
---------------------------------------------------------------------------------

03/24/2005 05:21 FAX                    MIDD SUP PROB

PAGE 3 OF 3    C I V I L   R E S T R A I N I N G   O R D E R   AS OF 03/24/2005

☑015/018

DEFENDANT: SERRANO, EDWIN M
-(PRIMARY)      MOTHER : SANDRA RAMIREZ        DOB:02/10/1976 PCF:2093776CV    CSO
                FATHER : ANGEL SERRANO
                POB : PR                        SOC SEC : 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
                ADDRESS: 71 NEWBURY ST APT 14 LAWRENCE, MA
                ZIP CODE: 01841-
ETHNICITY: HISPANIC      HGT: 002  WGT: 175  HAIR: BLACK        EYES: BROWN
===================================================================================
DEFENDANT : SERRANO, EDWIN M
PLAINTIFF : SANDRA RAMIREZ
            STREET : 120 FAYETTE ST.
            CITY : LOWELL
                                              STATE : MA

DOCKET:    9311RO1598 COURT: 11 ORDER DATE : 10/22/1993 EXP DATE : 11/09/1993
           ORDER : CHAPTER 209A  SECTION  3  STATUS : CLOSED

***** COURT ORDERS *****
------------------------------

1. REFRAIN FROM ABUSE
2. NO CONTACT
3. VACATE/STAY AWAY RESD
-----------------------------------------------------------------------------------

03/24/2005 05:22 FAX                    MIDD SUP PROB

@018/018

CONVICTED SEX OFFENDER REPORT AS OF 03/24/2005        PAGE   1 OF   1

PRIM NAME: SERRANO, EDWIN M

DOB:02/10/1976 PCF#:2093776CV        CSO

SEX: M   SS #: 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  MOTHER: SANDRA RAMIREZ
                    FATHER: ANGEL SERRANO.
HOME ADDR : 71 NEWBURY ST-APT 14 LAWRENCE, MA         POB: PR
ZIP CODE : 01841-

ETHNICITY: HISPANIC      HGT: 002  WGT: 175  HAIR: BLACK
                                                         EYES: BROWN
EMPLOYED [ ]      NOT EMPLOYED [X]


EMPLOYMENT ADDRESS:

CO NAME [                              ]

STREET NO   SFX   STREET NAME
[       ]  [   ]  [                              ]          APT      BLD
                                                         [     ]  [     ]
CITY [                ]  STATE [ ]  ZIP [    ]-[    ]

WORK TELEPHONE [   ]-[   ]-[   ]  EMPLOYED AT THIS ADDRESS SINCE  [00001900]

# EXHIBIT I

DOJ U.S. Marshals Home Page  Site Map  Contacts  Fugitives ▸ Asset Forfeiture ▸ Local - Districts



# United States Marshals Service
*Justice    Integrity    Service*

Home >> Service of Process >> Criminal >> Habeas Corpus

## Writ of Habeas Corpus:

A writ of habeas corpus orders the custodian of an individual in custody to produce the individual before the court to make an inquiry concerning his or her detention, to appear for prosecution (*ad prosequendum*) or to appear to testify (*ad testificandum*). State courts may issue such writs to prisoner custodians to produce federal prisoners.

**Service:** The issuing court will specify the party to execute the writ. The U.S. Marshal or Deputy U.S. Marshal will do so if ordered to by the court. A copy of the writ may be forwarded to the U.S. Marshal for information only even if he or she is not ordered to execute it.

**Return:** The executing party will make the return once the prisoner has satisfied the court-ordered appearance(s) and has been returned to the original place of incarceration. A partial return will be made when the custody of the prisoner has been relinquished to another authorized party for further removal.

State prisoners appearing before federal court to satisfy a writ of habeas corpus *ad prosequendum* or *ad testificandum* in federal criminal cases will remain in the U.S. Marshal's custody until the proceedings for which the writ was issued

conclude, if so ordered by the court. In cases where the Interstate Agreement on Detainers Act applies, after the prisoner's appearance in court, the court may order the prisoner to be returned to the state custodian pending further court proceedings.

If the case is a federal criminal matter, the USMS will provide for the transportation and custody of state or federal prisoners whose production is commanded. If the writ is issued by a state court, the state must provide for the transportation and custody of the federal prisoner whose production it commands.

The state custodian is responsible for production of its prisoner from the state institution, and this responsibility cannot be shifted by the federal court to the USMS. (*See Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34 (1985)*). State authorities should retain custody of the prisoner within the federal courthouse and produce the prisoner directly before the court each day of the proceeding and house the prisoner for the duration of the proceeding.