UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                                          NO. 04 10044 MLW

EDWIN SERRANO

DEFENDANT'S OBJECTION TO PRE-SENTENCE REPORT
AND
SENTENCING MEMORANDUM

The defendant submits the following Objections to the Pre-sentence Report and Sentencing Memorandum setting forth the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

    1.    The defendant objects to the entire Pre-sentence Report in that it has been compiled as a mandatory directive pursuant to the Sentencing Guidelines which have been held only to be advisory, all as more fully set out below. Further, the defendant objects to the entire Pre-sentence Report in that as compiled and submitted it relies solely on the sentencing guidelines and contains no information for the Court on the sentencing factors as required by 18 U.S.C. §3553(a).

    2.    The sentence enhancement in the Pre-sentence report Paragraphs (53) and (54) in this case, violates the Due Process Clause of the United States Constitution. The defendant has the due process right to be sentenced only upon accurate and legally valid information. This right is violated where the Pre-sentence report, applying the advisory guidelines, mandates that the defendant be sentenced as a career offender based on two prior unconstitutional convictions in Massachusetts, Middlesex Superior Court.

### SENTENCING UNDER BOOKER

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530

U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.
> Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guidelines's mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C. §3553(a)(4) (Supp.2004), but it permits the Court to tailor the sentence in light of other statutory concerns as well, see §3553(a). Booker, 125 S. Ct. at 757.

Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

2

The primary directive in §3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2," §3553(a)(2) states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; [§3553(a)(1)];
>
> 2) the kinds of sentences available [§3553(a)(3)];
>
> 3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct [§3553(a)(6)]; and
>
> 4) the need to provide restitution to any victims of the offense. [§3553(a)(7)].

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the §3553(a) factors, the judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." (emphasis added).

3

Under 18 U.S.C. §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence..." (emphasis added).

This statutory language certainly overrides the now-advisory policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. '§5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, F. Supp. 2d , 2005 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses he was 17 and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and §3553(a) make clear that Courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based

4

on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, __ F. Supp. 2d __, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005). Justice Scalia explains the point well in his dissent from Booker's remedial holding: Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise -- if it thought the Guidelines not only had to be "considered" (as the amputated statute requires) but had generally to be followed -- its opinion would surely say so. Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part).

Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other §3553(a) factors would violate the Sixth Amendment.

5

Case 1:04-cr-10044-MLW    Document 57    Filed 12/02/2005    Page 5 of 43

In sum, in every case, a sentencing court must now consider all of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing factors should generally trump the guidelines. See <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since §3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

Therefore a pre-sentence report such as the one submitted in this case <u>does not comply with the remedial majority dictates of Booker and must be stricken.</u>

### OBJECTION TO APPLICATION OF THE GUIDELINES ENHANCEMENT

In paragraphs, (53) and (54) the pre-sentence report, again, in effect, applying the guidelines mandatory and totally ignores the dictates of <u>Booker</u>. The report states that "the defendant has at least two prior felony convictions...." This is an inaccurate and misleading conclusion.

These convictions are the subject matter of Motions To Vacate because they were obtained in violation of the defendant's Constitutional right to an interpreter. (See Copies of the Motions Annexed hereto Marked "A" and "B"). These motions have been pending in Middlesex Superior Court for a long period of time awaiting the defendant's presence for a hearing.

6

As this Court well knows, this Court has ordered the Marshall's office to transport the defendant to the State court, but the Marshall's Service has refused to comply.

In effect the Government has prevented the defendant from vacating these unconstitutional convictions and now relies on them to enhance his sentence as a "career criminal".

The Supreme Court has held that felony convictions gained in violation of constitutional rights cannot be used "either to support guilt or enhance punishment for another offense," Baldasar v. Illinois, 446 U.S. 222 (1980); Burgett v. Texas, 389 U.S. 109, 115 (1967), and that a subsequent sentence that was based in part on a prior invalid conviction must be set aside, United States v. Tucker, 404 U.S. 443, 447-449 (1972).

The sentence enhancement in the presentence report in this case, violates the Due Process Clause of the United States Constitution. The defendant has the due process right to be sentenced only upon accurate and legally valid information. This right is violated where the presentence report, applying the advisory guidelines, mandates that the defendant be sentenced as a career offender based on two prior convictions in Middlesex Superior Court.

Basing a sentence on inaccurate information about the defendant's criminal history implicates the Due Process Clause. See Nichols v. United States, 511 U.S. 738(1994); see also United States v. Tucker, 404 U.S. 443, 447-48 (1972) (involved a sentence based on constitutionally invalid convictions); Townsend v. Burke, 334 US 736, 741 (1948) (involved a sentence based on convictions where the convictions did not actually exist and the un-counseled defendant had no opportunity to object); United States ex rel.

7

Welch v. Lane, 738 F.2d 863, 864 (7th Cir. 1984), involved a sentence based on the court's mistaken belief that defendant's prior robbery conviction was for armed robbery; and United States v. Harris, 558 F.2d 366, 374-75 (7th Cir. 1977), (involved a sentence based on dubious hearsay statements of criminal misconduct far more serious than the conviction); Scott v. United States, 997 F.2d 340, 341-42 (7th Cir. 1993).

To show a violation of the "due process right to be sentenced on the basis of accurate information," a defendant must show: 1) "that information before the sentencing court was inaccurate" and "that the sentencing court relied on the misinformation in passing sentence." Lechner v. Frank, 341 F.3d 635, 638-39 (7th Cir. 2003)

Both factors have been shown herein by the defendant and the court must not enhance the sentence.

In addition the application of the recidivist enhancement (career offender) under U.S.S.G. sec. 4B1.1 based on the alleged fact of prior conviction is unconstitutional on its face and as applied in this case because it violates defendant's rights under the Fifth and Sixth Amendments of the Constitution.

The application of this statutory enhancement perhaps left intact by Booker, depends on the continued vitality of Almendarez-Torres v United States, 523 U.S. 224 (1998), but as Justice Thomas has observed, "a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." Shepard v. United States, 125 S. Ct. 1254, 1264 (Thomas, J., concurring). As Justice Thomas explained, the Sixth Amendment ruling of Apprendi v. New Jersey, 530 U.S. 466 (2000), barring increases in the sentencing range based on judge-found facts not proven to the jury beyond a reasonable doubt or admitted by the defendant, should apply equally to facts of prior conviction.

8

Shepard, 125 S. Ct. at 1263 (Thomas, J., concurring); Apprendi, 530 U.S. at 520-21 (Thomas, J., concurring).

In this case, the defendant has never admitted the alleged prior convictions and in fact is being prevented from contesting their validity by the United States (see above), and the convictions have not been proven to a jury. Application of the recidivist enhancement, therefore, would be unconstitutional.

## CONCLUSION

For the foregoing reasons, the defendant respectfully submits that a sentence which reflects the opinions and conclusions of the pre-sentence report, even if considered as "advisory", would constitute the court paying "lip service" to but really, with a wink, making an "end run" around the Booker merits and remedial decisions.

/s/Roger Witkin
ROGER WITKIN
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATED:   December 2, 2005

Case 1:04-cr-10044-MLW    Document 57    Filed 12/02/2005    Page 9 of 43

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                        CRIMINAL NO. 04 10044 MLW

EDWIN SERRANO

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was served upon the attorney of record for the United States, AUSA Peter K. Levitt, courtesy copies to the Clerk of Court, Dennis O'Leary for the Honorable Mark Wolf and Tricia Marcy, United States Probation Officer by mail and electronic filing, which was e-filed this day.

/s/ *Roger Witkin*
Roger Witkin
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATE:   December 2, 2005