# EXHIBIT "A"

# ROGER WITKIN

**ATTORNEY AT LAW**
**6 BEACON STREET**
**BOSTON, MASSACHUSETTS 02108**

TEL (617) 523-0027
FAX (617) 523-2024

February 11, 2005

Criminal Clerk
Middlesex Superior Court
40 Thorndike Street, 1st Floor
East Cambridge, MA 02141

### RE:  COMMONWEALTH V. EDWIN SERRANO
###      NO. 1994 01391

Gentlepeople:

In regard to the above entitled matter enclosed herewith kindly find Motion To Vacate Conviction, Affidavit, Memorandum and Docket Entries.

Would you kindly bring this motion to the attention of the Presiding Justice.

Mr. Serrano is now in federal custody being held at the Essex County Jail in Middleton, Massachusetts.

Thank you.

Very truly yours,

**ROGER WITKIN**

/slw

encs.

c.c.     client
         District Attorney's Office

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                    SUPERIOR COURT
                                  NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO

## MOTION TO VACATE CONVICTION

The defendant moves to vacate his conviction on the above numbered indictment because at all times that he appeared in Court, whether it be for arraignment, plea or violation of probation, there was never a Spanish speaking interpreter interpreting what was going on.

Attached hereto please find a copy of the docket entries in the case which do not reflect an interpreter being present, and the defendant's Affidavit. The defendant requests a hearing on this motion.

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX.S.S:.                                    SUPERIOR COURT

NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO

## AFFIDAVIT/ DECLARACION JURADA

| | |
|---|---|
| 1. My name is Edwin Serrano. | 1. Me llamo Edwin Serrano. |
| 2. I am the defendant in this case. | 2. Soy el acusado de este caso. |
| 3. I served the sentence imposed on this case. | 3. Cumplí yo la condena que se impuso en este caso. |
| 4. There was no Spanish interpreter in the Court when I was arraigned on August 19, 1994. | · 4. En el Tribunal no hubo intérprete al español cuando me leyeron los cargos el 19 de agosto de 1994. |
| 5. There was no Spanish interpreter in the Court when I pleaded guilty on November 16, 1994. | 5. No hubo intérprete al español en el Tribunal cuando me declaré culpable el 16 de noviembre de 1994. |
| 6. There was no Spanish interpreter when I was found in violation of probation at a Probation Revocation Hearing on February 7, 1997. | 6. No hubo intérprete al español cuando fallaron que violé la libertad condicional, en una audiencia de revocar libertad condicional, el 7 de febrero de 1997. |
| 7. There was no Spanish interpreter when I was brought in to Court on July 10, 2000. | 7. No hubo intérprete al español cuando me llevaron ante el Tribunal el 10 de Julio de 2000. |
| 8. There was no Spanish interpreter when I was released on personal recognizance on November 16, | 8. No hubo intérprete al español cuando me pusieron en libertad bajo palabra el 16 de noviembre |

Case 1:04-cr-10044-MLW   Document 57   Filed 12/02/2005   Page 15 of 43
Translated by Luis M. Székely, Certified U.S. Court Interpreter (Spanish)

1

2000.

9. There was no Spanish interpreter when I appeared on December 30, 2002.

10. There was no Spanish interpreter present on November 13, 2003 for the final Probation Hearing.

Signed this      day of ,02/04/ 2005, under the penalties of perjury.

/s/ Edwin Serrano

EDWIN SERRANO

de 2000.

9. No hubo intérprete al español cuando comparecí el 30 de diciembre de 2002.

10. No hubo intérprete al español el 13 de noviembre de 2003, para la audiencia final de libertad condicional.

Firmado este     de 02/05/ de 2005 bajo pena de perjurio.

Edwin Serrano

EDWIN SERRANO

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                    SUPERIOR COURT
                                  NO. 1994 01391

COMMONWEALTH

V.

EDWIN SERRANO


## MEMORANDUM OF LAW ON SUPPORT OF
## DEFENDANT'S MOTION TO VACATE CONVICTION

As set out in the defendant's Motion and Affidavit, the defendant a Spanish

speaking person was never appointed an interpreter by the Court. A hearing will disclose

that the defendant's attorney informally translated for him. The defendant's inability to

speak and understand English was apparent to the Court and the actions of defense counsel

attempting to both represent the defendant and translate for him was obvious. Well

knowing the situation the Court that took no action *sua sponte* to appoint an interpreter

While the Supreme Court has established that it is within the discretion of the Court

whether to appoint an interpreter, Perovich v United States, 205 US 86, 91 (1907), it

has not found a right to state-provided interpreters to be a constitutional absolute since

that issue has never been squarely presented.   Lower federal courts have held, however,

that if the Court is put on notice that a defendant has a language difficulty, the court must

make it unmistakably clear to him that he has the right to have a competent translator

assist him, at state expense if he is indigent, throughout the proceeding. United States v

Carrion, 488 F2d 12, 15 (1st Cir 1973), cert denied, 416 US 907 (1974); United

States ex rel. Negron v New York, 434 F2d 386, 390-91 (2d Cir 1970). Conversely, if the need for an interpreter's services is not apparent nor are such services requested, it is no abuse of discretion to fail to advise a defendant of their availability. United States v Barrios, 457 F2d 680, 682 (9th Cir 1972).

While the defendant recognizes that no constitutional authority that presently exists in Massachusetts for providing a non-English speaking person the right to an independent interpreter. See Commonwealth v. Alves, 35 Mass. App. Ct. 935, 937 (1993), in this case, the blatant disregard of the defendant's right renders the entire proceedings invalid

In this case the judge abused his discretion under Rule 41, by failing to appoint a certified interpreter, and in so doing, violated the defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights, to be present and participate in his own defense. See Commonwealth v. Blaikie, 375 Mass. 601, 608 (1978).

Massachusetts Rules of Criminal Procedure, Rule 41 (INTERPRETERS AND EXPERTS) provides in pertinent part:

> The judge may appoint an interpreter or expert if justice so requires and may determine the reasonable compensation for such services and direct payment therefor.

The right of a defendant to be present at trial means the right in the sense of being able to comprehend and participate meaningfully in the proceeding and the requirement that a defendant have "sufficient . . . ability to consult with his lawyer with a reasonable degree of rational understanding." Dusky v United States, 362 US 402 (1960). See also Lewis v United States, 146 US 370, 372 (1892) and United States ex rel. Negron v New York, 434 F2d 386 (2d Cir 1970).

2

The six amendment right to be confronted with adverse witnesses, applicable to the states through the fourteenth amendment, mandate that an interpreter be available to the defendant or witness who cannot effectively communicate. See Pointer v Texas, 380 US 400 (1965). Otherwise, "[t]he adjudication loses its character as a reasoned interaction . . . and becomes an invective against an insensible object." United States ex rel. Negron, supra at 389, quoting Note, Incompetency to Stand Trial, 81 HARV L REV 454, 458 (1969).

The Massachusetts Rule of Criminal Procedure, Rule 41 is modeled on the Federal Court Interpreters Act, 28 U.S.C. § 1827 and the federal decisions concerning the application of the rule are instructive.        It is well settled that under the Court Interpreters Act "the appointment of an interpreter lies within the sound discretion of the trial judge." United States v. Coronel-Quintana, 752 F.2d 1284, 1291 (8th Cir. 1985) citing United States v. Tapia, 631 F.2d 1207, 1210 (5th Cir. 1980). Once the District Court decides to appoint an interpreter, however, it is obligated to follow the mandates of the Court Interpreters Act. Both federal procedure and Massachusetts procedure require a certified interpreter.

In this case when the Court failed to appoint a certified interpreter or to determine whether a certified interpreter was reasonably necessary before proceeding with the defense lawyer as an informal interpreter the court committed plain error. See United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002) (citing United States v. Olano, 507 U.S. 725, 732-33, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993)). To constitute plain error, a court ruling must be (1) an error, (2) which is plain, i.e., clear

3

under current law, and (3) which affects the defendant's substantial rights. Thompson, 289 F.3d at 526; United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993). It is error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Thompson, 289 F.3d at 526 (citing Olano, 507 U.S. at 732).

Here, the Court's failure to appoint a certified interpreter to assist the defendant indeed constitutes plain error. The rule is clear: once a Court determined OR BECAME AWARE OF THE FACT, that the defendant was in need of an interpreter, the Court should not have proceeded with the assistance of the defense attorney but rather it was obligated to use a certified interpreter. See United States v. Paz, 981 F.2d 199, 200 (5th Cir. 1992). The certification requirement is intended to provide a procedural safeguard for non-native English speaking defendants during legal proceedings. Paz, 981 F.2d at 200 ("The certification process serves as a safeguard to guarantee that the Court interpreter is competent."); United States v. Huang, 960 F.2d 1128, 1135 (2d Cir. 1992) ("Implicit in [the qualification] requirement is the notion that the interpreter should be competent to render accurate translations." [Quoting United States v. Villegas, 899 F.2d 1324, 1348 (2d Cir. 1990)].

The principle purpose of Rule 41 and the CIA is "to ensure that the defendant can comprehend the proceedings . . . " through the appointment of a certified interpreter. United States v. Febus, 218 F.3d 784, 791 (7th Cir. 2000).

Judges are entrusted with great discretion because defendants do not have an automatic right to an interpreter under Rule 41 as in its Federal counterpart the Federal Court Interpreters Act. A defendant is only entitled to the appointment of an interpreter

4

if the Court determines that the defendant: (1) speaks only or primarily a language other than the English language; and (2) this fact inhibits their comprehension of the proceedings or communication with counsel. In making this determination, at Court must evaluate a variety of factors, including defendant's knowledge of English and the complexity of the proceedings and testimony. Courts have a duty to evaluate these factors when put on notice that the defendant speaks only or primarily a language other than English. See e.g., 28 U.S.C. § 1827(d)(1).

Courts may be put on notice by motion of the parties, or, as in this case, by the Court's own recognition, when it is clear that the defendant's communication with the Court or counsel is inhibited by language. Once a Court is on notice, it has a duty to inquire as to whether the fact that the defendant speaks only or primarily a language other than English inhibits his or her ability to comprehend the proceedings and communicate with counsel. See United States v. Rosa, 946 F.2d 505, 508 (7th Cir. 1991) [citing United States v. Moya-Gomez, 860 F.2d 706, 740 (7th Cir. 1988)].

The United States Supreme Court has yet to recognize the right to a court-appointed interpreter as a constitutional one. But, in 1907, the Supreme Court stated: "One [claim] is that the court erred in refusing to appoint an interpreter when the defendant was testifying. This is a matter largely resting in the discretion of the trial court, and it does not appear from the answers made by the witness that there was any abuse of discretion." Perovich v. United States, 205 U.S. 86, 91, 51 L. Ed. 722, 27 S. Ct. 456 (1907). It was not until 1970 that a circuit court held that an indigent criminal defendant

5

who could not speak or understand English was constitutionally entitled to an interpreter. See Negron v. New York, 434 F.2d 386, 387 (2d Cir. 1970).

In United States v. Cirrincione, 780 F.2d 620, 634 (7th Cir. 1985), the Court held that "a defendant in a criminal proceeding is denied due process when: (1) what is told to him is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to [the defendant] in a manner designed to insure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact.".

Cases from various circuits have since also recognized such a constitutional right which are compiled in United States v. Mayans, 17 F.3d 1174, 1179-81 (9th Cir. 1994) (holding that the defendant's Fifth Amendment rights were violated when interpreter withdrawn by court); see also United States v. Carrion,   488 F.2d 12, 14-15 (9th 1973).

## CONCLUSION

In this case upon becoming aware of the fact that the defendant did not speak English and that his attorney was translating for him, the Court, *sua sponte*, was obliged both by Rule 41 and the defendant's Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights.

6

Respectfully submitted,

EDWIN SERRANO

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

7

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
**Case Summary**
**Criminal Docket**

11/29/2004
01:08 PM

## MICR1994-01391
## Commonwealth v Serrano, Edwin

| | | | |
|---|---|---|---|
| **File Date** | 08/04/1994 | **Status** | Suspended (default warrant) (suwarr) |
| **Status Date** | 01/29/2004 | **Session** | 1 - Crim 1 (6B Cambridge) |
| **Jury Trial** | Unknown | **Origin** | I - Indictment |
| **Lead Case** | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Arraignment** | 08/19/1994 | **Track** | | **Final PTC** | |
| **Disp. Deadline** | 08/19/1995 | **Deadline Status** | Deadline active since return date | **Status Date** | 08/22/1994 |
| **Pro Se Deft** | No | **Custody Status** | | **Start Date** | |
| **Weapon** | | **Substance** | | **Prior Record** | Unknown |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 06/11/1994 | 265:024.1 | Guilty plea | 11/16/1994 |
| | Assault, intent to rape | | | |
| 2 | 06/11/1994 | 265:019:b | Guilty plea | 11/16/1994 |
| | Robbery, unarmed | | | |
| 3 | 06/11/1994 | 265:013H | Guilty plea | 11/16/1994 |
| | Indecent assault & battery on person 14 or over | | | |
| 4 | 06/11/1994 | 275:002 | Guilty plea | 11/16/1994 |
| | Threat(s) | | | |
| 5 | 06/11/1994 | 094C:034.1 | Guilty plea | 11/16/1994 |
| | Controlled substnc, possess | | | |

### PARTIES

**Defendant**
Edwin Serrano
DOB: 02/10/1976
Gender: Male
Active 08/04/1994

**Private Counsel 548038**
Richard P Howe Jr
11 Kearney Square
Lowell, MA 01852
Phone: 978-454-9167
Fax: 978-453-4419
Withdrawn 07/10/2000

**Private Counsel 556389**
Debra D DeWitt
Ahern & DeWitt
200 Central Street
Lowell, MA 01852
Phone: 978-970-2989
Fax: 978-970-2633
Inactive 12/30/2002

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
**Case Summary**
**Criminal Docket**

11/29/2004
01:08 PM

## MICR1994-01391
### Commonwealth v Serrano, Edwin

Private Counsel 552751
Stephen J Wright
335 Common Street
Lawrence, MA 01840
Phone: 978-685-3377
Fax: 978-687-8328
Active 12/30/2002 Notify

Plaintiff
Commonwealth
Gender: Unknown
Active 08/04/1994

District Atty's Office 559563
Alison M Takacs
Middlesex County District Atty's Office
40 Thorndike Street
East Cambridge, MA 02141
Phone: 617-494-4050
Fax: 617-225-0871
Active 08/19/1994 Notify

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 08/04/1994 | 1.0 | Indictment returned |
| 08/16/1994 | | Continued until 08/19/94 for arraignment on all matters. |
| 08/19/1994 | 2.0 | Appointment of Counsel Howe, Jr. |
| 08/19/1994 | | Appearance of Deft's Atty: Howe Jr |
| 08/19/1994 | | Appearance of Commonwealth's Atty: Takacs |
| 08/19/1994 | | Deft arraigned before Court |
| 08/19/1994 | | RE offense 1: Plea of not guilty |
| 08/19/1994 | | RE offense 2: Plea of not guilty |
| 08/19/1994 | | RE offense 3: Plea of not guilty |
| 08/19/1994 | | RE offense 4: Plea of not guilty |
| 08/19/1994 | | RE offense 5: Plea of not guilty |
| 08/19/1994 | | Bail set: $20,000.00 with surety or $2,000.00 cash (Martha B Sosman, Justice) Mittimus issued not recognizing. |
| 08/19/1994 | | Continued until 09/09/94 for pre-trial conference on all matters. |
| 08/19/1994 | 3.0 | Mittimus not recongnizing indictments returned with service. |
| 08/19/1994 | | Deft notified of right to request drug exam |
| 09/09/1994 | 4.0 | Pre-trial conference report, Filed in Court. |
| 09/09/1994 | | Continued until 09/27/94 for motions on all matters. |
| 09/27/1994 | | Continued until 10/17/94 for assignment of a trial date on all matters. |
| 09/29/1994 | 5.0 | Commonwealth's Notice of Discovery, Filed in Court. |
| 10/21/1994 | | Continued until 11/16/94 for an assignment of a trial date by agreement on all matters. |
| 11/16/1994 | | Plea of not guilty changed to guilty; accepted (Charles J Hely, Justice) Commonwealth moves for sentence. |
| 11/16/1994 | | RE offense 1: Guilty plea |
| 11/16/1994 | | RE offense 2: Guilty plea |
| 11/16/1994 | | RE offense 3: Guilty plea |

MAS-20040909                        **Commonwealth of Massachusetts**                        11/29/2004
                                    **MIDDLESEX SUPERIOR COURT**                              01:08 PM
                                    **Case Summary**
                                    **Criminal Docket**

## MICR1994-01391
### Commonwealth v Serrano, Edwin

| Date | Paper | Text |
|---|---|---|
| 11/16/1994 | | RE offense 4: Guilty plea |
| 11/16/1994 | | RE offense 5: Guilty plea |
| 11/16/1994 | | Sentence imposed: 001-M.C.I., Cedar Junction for a term not exceeding |
| | | Seven Years, or less than Five Years. This sentence to take effect |
| | | from and after expiration of the sentence imposed this day in |
| | | #94-1151-005. Sentence suspended for three years. Deft as principal |
| | | and J Burke as surety recog in $100 and on Three Years Probation |
| | | Terms: (1) No Contact, Employment Or School (2) Evaluation for Drug |
| | | Abuse (Charles J Hely, Justice) |
| 11/16/1994 | | Sentence imposed: 002 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR |
| | | JUNCTION FOR A TERM NOT EXCEEDING....SEVEN....YEARS, OR LESS |
| | | THAN....FIVE.....YEARS. This sentence to be served concurrently with |
| | | the sentence imposed this day in #94-1391-001. Sentence suspended for |
| | | three years. Defendant as principal and J. Burke as surety |
| | | recognizing in $100.00 and on three years probation. (see #94-1391- |
| | | 001. By the Court, Charles J. Hely, Justice. |
| 11/16/1994 | | Sentence imposed: 003 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR |
| | | JUNCTION FOR A TERM NOT EXCEEDING....SEVEN...YEARS, OR LESS THAN.... |
| | | FIVE....YEARS. This sentene to be served concurrently with the |
| | | sentence imposed this day in #94-1391-001. By the Court, Charles J. |
| | | Hely, Justice. |
| 11/16/1994 | | Sentence imposed: 004 - ON FILE BY ORDER OF C. HELY, J., DEFENDANT |
| | | NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/16/1994 | | Sentence imposed: 005 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT |
| | | OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/21/1994 | | Abstract mailed to the Bureau of Criminal Information. |
| 10/23/1996 | 6.0 | Attorney's Motion to Withdraw. Filed in Court. |
| 02/05/1997 | 7.0 | Habeas corpus for Deft at Essex Correctional Facility (Middleton) |
| 02/07/1997 | | AFTER HEARING, DEFENDANT IS FOUND IN VIOLATION OF PROBATION AND IS |
| | | SURRENDERED. |
| 02/07/1997 | | Sentence imposed: 001 - THE SUSPENDED PORTION OF THE SENTENCE IMPOSED |
| | | ON NOVEMBER 16, 1997 IS THIS DAY IN FULL FORCE AND EFFECT - |
| | | FORTHWITH. MITTS ISSUED. THE DEFENDANT IS FURTHER ORDERED TO BE |
| | | PLACED ON PROBATION FOR A PERIOD OF THREE YEARS (J. BURKE AS SURETY) |
| | | TO BE SERVED FROM AND AFTER THE ABOVE IMPOSED SENTENCE. BY THE COURT, |
| | | (BALL, J.) |
| 02/07/1997 | | Sentence imposed: 002 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR |
| | | JUNCTION FOR A TERM NOT EXCEEDING....SEVEN YEARS.... OR LESS THAN.... |
| | | FIVE YEARS..... THREE YEARS TO BE SERVED. This sentence to be served |
| | | concurrently with the sentence imposed this day in #94-1391-01. By |
| | | the Court, (Ball, J.) |
| 02/07/1997 | | Sentence imposed: 003 - MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR |
| | | JUNCTION FOR A TERM NOT EXCEEDING.... SEVEN YEARS..... OR LESS |
| | | THAN.... FIVE YEARS..... THREE YEARS TO BE SERVED FORTHWITH. MITTS |
| | | ISSUED. This sentence to be served concurrently with the sentence |
| | | imposed this day in #94-1391-01. By the Court, (Ball, J.) |

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
**Case Summary**
**Criminal Docket**

11/29/2004
01:08 PM

## MICR1994-01391
### Commonwealth v Serrano, Edwin

| Date | Paper | Text |
|------|-------|------|
| 02/07/1997 | | Notified of right of appeal under Rule 64 "Appeal Court" |
| 02/07/1997 | | Mittimus issued on indictments 001, 002, and 003 issued to MCI Cedar Junction |
| 02/07/1997 | 8.0 | Mittimus on indictment 001,002 and 003 returned with service |
| 02/18/1997 | | Letter from Dept of Corrections regarding sentence |
| 07/01/1997 | | Amended Mittimus issued to MCI Cedar Junction |
| 07/01/1997 | | 003 - THE SENTENCE IMPOSED ON NOVEMBER 16, 1994 IS THIS DAY AMENDED TO READ: FOUR (4) TO FIVE (5) YEARS AT CEDAR JUNCTION. MITTS ISSUED BY THE COURT, (Hely, J.) |
| 06/06/2000 | | Defendant defaulted; warrant to issue |
| 06/06/2000 | | Warrant was entered onto the Warrant Management System 06/06/2000 |
| 07/10/2000 | 9.0 | Appointment of Counsel Debra D DeWitt |
| 07/10/2000 | | Appearance of Deft's Atty: Debra D DeWitt |
| 07/10/2000 | | Default removed; warrant recalled |
| 07/10/2000 | | Bail set: $50,000 surety or $5,000 cash (Hely, J) |
| 07/10/2000 | | Mittimus issued not recog. Indictments |
| 07/10/2000 | | Bail warning read in open court |
| 07/10/2000 | | Continued until 7/27/00 for status |
| 07/10/2000 | | Reporter present: Virginia Karas |
| 07/24/2000 | 10.0 | Mittimus Not Recog. - Indictments returned with service |
| 11/16/2000 | | Bail set on 7/10/00 revoked |
| 11/16/2000 | | Deft released on personal recognizance (Fabricant, J) |
| 11/16/2000 | | Probation continued to original date 12/3/2002 |
| 11/16/2000 | | Reporter present: Virginia Karas |
| 01/25/2001 | 11.0 | Probation warrant issued |
| 12/26/2002 | 12.0 | Habeas corpus for Deft at Middlesex County Jail (Cambridge) for Monday, December 30, 2002. |
| 12/30/2002 | | VTP warrant recalled |
| 12/30/2002 | | Appearance of Deft's Atty: Stephen J Wright |
| 12/30/2002 | | Bail set: $20,000 surety or $2,000 cash (Locke, J) |
| 12/30/2002 | | Mittimus issued |
| 12/30/2002 | | Continued until 2/14/03 for final surrender in 6B at request of both sides |
| 12/30/2002 | | Conditions Of Bail: If bail is made deft is to report to probation. Remain employed. Stay at same residence with girlfriend (Locke, J) |
| 12/30/2002 | 13.0 | Mittimus (001) not recog. indictments returned with service |
| 01/03/2003 | | Habeas corpus for Deft at Camb. Jail 02-14-02 |
| 01/06/2003 | 14.0 | Bail satisfied: $2000.00 Cash  Red # 9985 Surety:  Defendant |
| 02/19/2003 | 15.0 | Clerks Minutes on Probation Hearing (Garsh, Judge, presiding) P.O. Craig O'Leary Result: Continued to 04/11/03 Assistant Clerk Daniel H Doherty |
| 04/11/2003 | 16.0 | Clerks Minutes On Probation Hearing (Ball, Judge presiding) Result: Off list-request of Probation Assistant Clerk Matt. Day |
| 04/11/2003 | | Reporter present: Leary, Mary |
| 05/29/2003 | 17.0 | Clerks Minutes on probation Hearing (Hines, judge, presiding) continued to 07/11/03 for final surrender Assistant Clerk Matt. Day |

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/29/2004
01:08 PM

### MICR1994-01391
### Commonwealth v Serrano, Edwin

| Date | Paper | Text |
|------|-------|------|
| 05/29/2003 | | Reporter present: Lynch, Jr., John M. |
| 07/11/2003 | 18.0 | Clerk's Minutes on Probation Hearing: (Pasquale,CM) Presiding PO Craig O'Leary off the list by agreement |
| 07/11/2003 | | Reporter present: Lynch, Jr., John M. |
| 08/19/2003 | 19.0 | Clerk's Minutes on Probation Hearing: (Agnes,J) Presiding PO Craig O'Leary PO Reports case scheduled for 9-19-03 for final surrender at 2 pm |
| 08/19/2003 | | Reporter present: Jacques, Robert |
| 09/19/2003 | 20.0 | Clerks Minutes on Probation Hearing Pasquale J., Presiding--Probation Officer C. O.Leary--Result Off List No Judge Available. (Court Reporter John Lynch (MD/AC) |
| 11/13/2003 | 21.0 | Clerks Minutes on Probation Hearing Chernoff, J. Presiding--Probation Officer C. O'Leary--Defendant Attorney Stephen Wright--Final Surrender Hearing--Result: Violation of probation found. Additional condition (1) Report every other week in person with job & residential verification. (2) Random Urine Screening.--Continued to 1/29/04 (M/AC) |
| 11/13/2003 | | Continued until January 29, 2004 |
| 11/13/2003 | | Reporter present: Welch, Maureen |
| 01/29/2004 | | Defendant defaulted; warrant to issue |
| 01/29/2004 | | Warrant was entered onto the Warrant Management System January 29, 2004 |

| | | EVENTS | |
|------|---------|-------|--------|
| Date | Session | Event | Result |
| 08/16/1994 | Crim 6 (Lowell) | Arraignment | |
| | | Habe issued. | |
| 08/19/1994 | Crim 6 (Lowell) | Arraignment | Event held as scheduled |
| | | Habe issued. | |
| 09/09/1994 | Crim 6 (Lowell) | Conference: Pre-Trial | Event held as scheduled |
| | | Habe issued. | |
| 09/27/1994 | Crim 6 (Lowell) | Hearing: Motion | Event held as scheduled |
| | | Habe issued. | |
| 10/17/1994 | Crim 6 (Lowell) | Conference: Trial Assignment | |
| 10/20/1994 | Crim 6 (Lowell) | TRIAL: by jury | |
| | | Habe issued 10/17 | |
| 11/16/1994 | Crim 6 (Lowell) | TRIAL: by jury | |
| 11/16/1994 | Crim 6 (Lowell) | Hearing: Plea Change | Event held as scheduled |
| | | Habe issued 10/24 | |
| 02/07/1997 | Crim 6 (Lowell) | Hearing: Probation Surrender | Event held as scheduled |
| | | Habe issued 2/5/97 | |
| 03/30/2000 | Crim 6 (Lowell) | Hearing: Probation Report | Event canceled not re-scheduled |
| | | Assignment of Counsel | |
| 06/06/2000 | Crim 6 (Lowell) | Hearing: Probation Report | Defendant did not appear/default |
| | | appt of counsel | |
| 07/10/2000 | Crim 6 (Lowell) | Hearing: Misc Matters | Event held as scheduled |
| | | Habe cancelled for 7/7, rescheduled for 7/10 for Default removal | |
| 10/06/2000 | Crim 6 (Lowell) | Hearing: Probation Report | Event not held--scheduled for another date |
| | | Habe Issued to Camb. Jail | |
| 11/06/2000 | Crim 6 (Lowell) | Hearing: Probation Surrender | Event not held--scheduled for another date |
| | | Habe Issued to Camb | |

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01391
## Commonwealth v Serrano, Edwin

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 11/16/2000 | Crim 6 (Lowell) | Hearing: Probation Report | Event held as scheduled |
| | | Habe Issued to Camb | |
| 01/25/2001 | Crim 6 (Lowell) | Hearing: Probation Report | Defendant did not appear/default |
| | | appt of counsel; PO Craig O'Leary; 2pm | |
| 12/30/2002 | Crim 6 (Lowell) | Hearing: Probation Report | Event held as scheduled |
| | | HABE ISSUED TO CAMBRIDGE. | |
| 02/14/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Event held as scheduled |
| | | PO O'Leary | |
| 04/11/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Event not held--joint request |
| | | P.O. Craig O' Leary | |
| 05/29/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Event held as scheduled |
| | | P.O. Craig O'Leary | |
| 07/11/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event not held--req of Defendant |
| | | P.O. Craig O'Leary | |
| 08/19/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event not held--req of Defendant |
| | | P.O. Craig O'Leary | |
| 09/19/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event not held--req of Commonwealth |
| | | P.O. Craig O' Leary | |
| 11/13/2003 | Crim 1 (6B Cambridge) | Hearing: Probation Surrender | Event held as scheduled |
| 01/29/2004 | Crim 1 (6B Cambridge) | Hearing: Probation Report | Defendant did not appear/default |
| | | PO O'Leary | |

**BAIL**

| | |
|---|---|
| Bail Type | Cash |
| Bail Amount | $2,000.00 |
| Bail Status | Satisfied |
| Status Date | 01/06/2003 |



Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this ___ of _____

# EXHIBIT "B"

# ROGER WITKIN

ATTORNEY AT LAW
6 BEACON STREET
BOSTON, MASSACHUSETTS 02108

TEL (617) 523-0027
FAX (617) 523-2024

February 11, 2005

Criminal Clerk
Middlesex Superior Court
40 Thorndike Street, 1st Floor
East Cambridge, MA 02141

## RE: COMMONWEALTH V. EDWIN SERRANO
## NO. 1994 01511

Gentlepeople:

In regard to the above entitled matter enclosed herewith kindly find Motion To Vacate Conviction, Affidavit, Memorandum and Docket Entries.

Would you kindly bring this motion to the attention of the Presiding Justice.

Mr. Serrano is now in federal custody being held at the Essex County Jail in Middleton, Massachusetts.

Thank you.

Very truly yours,

**ROGER WITKIN**

/slw

encs.

c.c.    client
        District Attorney's Office

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                    SUPERIOR COURT
                                   NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

## **MOTION TO VACATE CONVICTION**

The defendant moves to vacate his conviction on the above numbered indictment because at all times that he appeared in Court, whether it be for arraignment, plea or violation of probation, there was never a Spanish speaking interpreter interpreting what was going on.

Attached hereto please find a copy of the docket entries in the case which do not reflect an interpreter being present, and the defendant's Affidavit. The defendant requests a hearing on this motion.

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                                    SUPERIOR COURT

                                                  NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

## AFFIDAVIT/DECLARACION JURADA

| | |
|---|---|
| 1. My name is Edwin Serrano. | 1. Me llamo Edwin Serrano. |
| 2. I am the defendant in this case. | 2. Soy el acusado de este caso. |
| 3. There was no Spanish interpreter in the Court when I was arraigned cargos on September 9, 1994. | 3. No hubo intérprete al español en el Tribunal cuando me leyeron los el 9 de septiembre de 1994. |
| 4. There was no Spanish interpreter in the Court when I pleaded guilty on November 16, 1994. | 4. No hubo intérprete al español en el Tribunal cuando me declaré culpable el 16 de noviembre de 1994. |

Signed this day    of 2/08/2005,        Firmado este   de      de 22/08/2005

under the penalties of perjury.          bajo pena de perjurio.

/s/ Edwin Serrano                        *Edwin Serrano*

EDWIN SERRANO                            EDWIN SERRANO

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                    SUPERIOR COURT
                                  NO. 1994 01511

COMMONWEALTH

V.

EDWIN SERRANO

### MEMORANDUM OF LAW ON SUPPORT OF
### DEFENDANT'S MOTION TO VACATE CONVICTION

As set out in the defendant's Motion and Affidavit, the defendant a Spanish

speaking person was never appointed an interpreter by the Court. A hearing will disclose

that the defendant's attorney informally translated for him. The defendant's inability to

speak and understand English was apparent to the Court and the actions of defense counsel

attempting to both represent the defendant and translate for him was obvious. Well

knowing the situation the Court that took no action *sua sponte* to appoint an interpreter

While the Supreme Court has established that it is within the discretion of the Court

whether to appoint an interpreter, Perovich v United States, 205 US 86, 91 (1907), it

has not found a right to state-provided interpreters to be a constitutional absolute since

that issue has never been squarely presented.  Lower federal courts have held, however,

that if the Court is put on notice that a defendant has a language difficulty, the court must

make it unmistakably clear to him that he has the right to have a competent translator

assist him, at state expense if he is indigent, throughout the proceeding. United States v

Carrion, 488 F2d 12, 15 (1st Cir 1973), cert denied, 416 US 907 (1974); United

States ex rel. Negron v New York, 434 F2d 386, 390-91 (2d Cir 1970). Conversely, if the need for an interpreter's services is not apparent nor are such services requested, it is no abuse of discretion to fail to advise a defendant of their availability. United States v Barrios, 457 F2d 680, 682 (9th Cir 1972).

While the defendant recognizes that no constitutional authority that presently exists in Massachusetts for providing a non-English speaking person the right to an independent interpreter. See Commonwealth v. Alves, 35 Mass. App. Ct. 935, 937 (1993), in this case, the blatant disregard of the defendant's right renders the entire proceedings invalid

In this case the judge abused his discretion under Rule 41, by failing to appoint a certified interpreter, and in so doing, violated the defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights, to be present and participate in his own defense. See Commonwealth v. Blaikie, 375 Mass. 601, 608 (1978).

Massachusetts Rules of Criminal Procedure, Rule 41 (INTERPRETERS AND EXPERTS) provides in pertinent part:

> The judge may appoint an interpreter or expert if justice so requires and may determine the reasonable compensation for such services and direct payment therefor.

The right of a defendant to be present at trial means the right in the sense of being able to comprehend and participate meaningfully in the proceeding and the requirement that a defendant have "sufficient . . . ability to consult with his lawyer with a reasonable degree of rational understanding." Dusky v United States, 362 US 402 (1960). See also Lewis v United States, 146 US 370, 372 (1892) and United States ex rel. Negron v New York, 434 F2d 386 (2d Cir 1970).

2

The six amendment right to be confronted with adverse witnesses, applicable to the states through the fourteenth amendment, mandate that an interpreter be available to the defendant or witness who cannot effectively communicate. See Pointer v Texas, 380 US 400 (1965). Otherwise, "[t]he adjudication loses its character as a reasoned interaction . . . and becomes an invective against an insensible object." United States ex rel. Negron, supra at 389, quoting Note, Incompetency to Stand Trial, 81 HARV L REV 454, 458 (1969).

The Massachusetts Rule of Criminal Procedure, Rule 41 is modeled on the Federal Court Interpreters Act , 28 U.S.C. § 1827 and the federal decisions concerning the application of the rule are instructive.    It is well settled that under the Court Interpreters Act "the appointment of an interpreter lies within the sound discretion of the trial judge." United States v. Coronel-Quintana, 752 F.2d 1284, 1291 (8th Cir. 1985) citing  United States v. Tapia, 631 F.2d 1207, 1210 (5th Cir. 1980). Once the District Court decides to appoint an interpreter, however, it is obligated to follow the mandates of the Court Interpreters Act.  Both federal procedure and Massachusetts procedure require a certified interpreter.

In this case when the Court failed to appoint a certified interpreter or to determine whether a certified interpreter was reasonably necessary before proceeding with the defense lawyer as an informal interpreter the court committed plain error.  See  United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002) (citing  United States v. Olano, 507 U.S. 725, 732-33, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993)). To constitute plain error, a court ruling must be (1) an error, (2) which is plain, i.e., clear

3

under current law, and (3) which affects the defendant's substantial rights.  Thompson, 289 F.3d at 526; United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993).  It is error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  See  Thompson, 289 F.3d at 526 (citing  Olano, 507 U.S. at 732).

Here, the Court's failure to appoint a certified interpreter to assist the defendant indeed constitutes plain error. The rule is clear: once a Court determined OR BECAME AWARE OF THE FACT, that the defendant was in need of an interpreter, the Court should not have proceeded with the assistance of the defense attorney but rather it was obligated to use a certified interpreter.  See United States v. Paz, 981 F.2d 199, 200 (5th Cir. 1992). The certification requirement is intended to provide a procedural safeguard for non-native English speaking defendants during legal proceedings. Paz, 981 F.2d at 200 ("The certification process serves as a safeguard to guarantee that the Court interpreter is competent."); United States v. Huang, 960 F.2d 1128, 1135 (2d Cir. 1992) ("Implicit in [the qualification] requirement is the notion that the interpreter should be competent to render accurate translations." [Quoting  United States v. Villegas, 899 F.2d 1324, 1348 (2d Cir. 1990)].

The principle purpose of Rule 41 and the CIA is "to ensure that the defendant can comprehend the proceedings . . . " through the appointment of a certified interpreter. United States v. Febus, 218 F.3d 784, 791 (7th Cir. 2000).

Judges are entrusted with great discretion because defendants do not have an automatic right to an interpreter under Rule 41 as in its Federal counterpart the Federal Court Interpreters Act.  A defendant is only entitled to the appointment of an interpreter

4

if the Court determines that the defendant: (1) speaks only or primarily a language other

than the English language; and (2) this fact inhibits their comprehension of the proceedings

or communication with counsel. In making this determination, at Court must evaluate a

variety of factors, including defendant's knowledge of English and the complexity of the

proceedings and testimony. Courts have a duty to evaluate these factors when put on

notice that the defendant speaks only or primarily a language other than English. See e.g.,

28 U.S.C. § 1827(d)(1).

Courts may be put on notice by motion of the parties, or, as in this case, by the

Court's own recognition, when it is clear that the defendant's communication with the

Court or counsel is inhibited by language. Once a Court is on notice, it has a duty to

inquire as to whether the fact that the defendant speaks only or primarily a language other .

than English inhibits his or her ability to comprehend the proceedings and communicate

with counsel. See United States v. Rosa, 946 F.2d 505, 508 (7th Cir. 1991) [citing

United States v. Moya-Gomez, 860 F.2d 706, 740 (7th Cir. 1988)].

The United States Supreme Court has yet to recognize the right to a court-

appointed interpreter as a constitutional one. But, in 1907, the Supreme Court stated:

"One [claim] is that the court erred in refusing to appoint an interpreter when the

defendant was testifying. This is a matter largely resting in the discretion of the trial court,

and it does not appear from the answers made by the witness that there was any abuse of

discretion." Perovich v. United States, 205 U.S. 86, 91, 51 L. Ed. 722, 27 S. Ct. 456

(1907). It was not until 1970 that a circuit court held that an indigent criminal defendant

5

who could not speak or understand English was constitutionally entitled to an interpreter. See Negron v. New York, 434 F.2d 386, 387 (2d Cir. 1970).

In United States v. Cirrincione, 780 F.2d 620, 634 (7th Cir. 1985), the Court held that "a defendant in a criminal proceeding is denied due process when: (1) what is told to him is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to [the defendant] in a manner designed to insure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact.".

Cases from various circuits have since also recognized such a constitutional right which are compiled in United States v. Mayans, 17 F.3d 1174, 1179-81 (9th Cir. 1994) (holding that the defendant's Fifth Amendment rights were violated when interpreter withdrawn by court); see also United States v. Carrion,    488 F.2d 12, 14-15 (9th 1973).

## CONCLUSION

In this case upon becoming aware of the fact that the defendant did not speak English and that his attorney was translating for him, the Court, *sua sponte*, was obliged both by Rule 41 and the defendant's Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights.

6

Respectfully submitted,

EDWIN SERRANO

By his attorney,

ROGER WITKIN
6 Beacon Street,
Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

7

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01511
## Commonwealth v Serrano, Edwin

| | | | |
|---|---|---|---|
| File Date | 08/17/1994 | Status | Disposed (sentenced) (dsenimp) |
| Status Date | 11/16/1994 | Session | 6 - Crim 6 (Lowell) |
| Jury Trial | Unknown | Origin | I - Indictment |
| Lead Case | | | |

| | | | | |
|---|---|---|---|---|
| Arraignment | 09/09/1994 | Track | | **Final PTC** |
| Disp. Deadline | 09/09/1995 | | Deadline Status Deadline active since return date | Status Date 09/12/1994 |
| Pro Se Deft | No | Custody Status | | Start Date |
| Weapon | | Substance | | Prior Record Unknown |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| 2 | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| 3 | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| 4 | 01/13/1994 | 265:015B:b | Guilty plea | 11/16/1994 |
| | Assault, dangerous weapon | | | |
| 5 | 01/13/1994 | 269:010:a | Guilty plea | 11/16/1994 |
| | Dang weapon, possess gun, no license, on person/in MV | | | |
| 6 | 01/13/1994 | 269:010:h.1 | Guilty plea | 11/16/1994 |
| | Dang weapon, possess/transfr gun/ammo, no ID card | | | |
| 7 | 01/13/1994 | 269:011C | Guilty plea | 11/16/1994 |
| | Remove/mutilate firearm serial#, receive such firearm | | | |
| 8 | 12/08/1993 | 094C:032A:c | Guilty plea | 11/16/1994 |
| | Class B substnc, phencyclidine/cocaine, distrib/manufac | | | |

### PARTIES

**Defendant**
Edwin Serrano
Gender: Male
Active 08/17/1994

**Private Counsel 548038**
Richard P Howe Jr
11 Kearney Square
Lowell, MA 01852
Phone: 978-454-9167
Fax: 978-453-4419
Active 09/09/1994 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 08/17/1994

**District Atty's Office 559563**
Alison M Takacs
Middlesex County District Atty's Office
40 Thorndike Street
East Cambridge, MA 02141
Phone: 617-494-4050
Fax: 617-225-0871
Active 09/09/1994 Notify

MAS-20040909

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/29/2004
01:08 PM

## MICR1994-01511
### Commonwealth v Serrano, Edwin

| Alias deft name |
|---|
| Edwin Maldonado |
| Gender: Male |
| Alias (see real party's status) 08/17/1994 |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/17/1994 | 1.0 | Indictment returned |
| 09/09/1994 | | Appearance of Commonwealth's Atty: Takacs |
| 09/09/1994 | 2.0 | Appointment of Counsel Howe Jr #0792892-2 |
| 09/09/1994 | | Appearance of Deft's Atty: Howe Jr |
| 09/09/1994 | | Deft arraigned before Court |
| 09/09/1994 | | RE offense 1: Plea of not guilty |
| 09/09/1994 | | RE offense 2: Plea of not guilty |
| 09/09/1994 | | RE offense 3: Plea of not guilty |
| 09/09/1994 | | RE offense 4: Plea of not guilty |
| 09/09/1994 | | RE offense 5: Plea of not guilty |
| 09/09/1994 | | RE offense 6: Plea of not guilty |
| 09/09/1994 | | RE offense 7: Plea of not guilty |
| 09/09/1994 | | RE offense 8: Plea of not guilty |
| 09/09/1994 | | Bail set: $50,000.00 with surety or $5,000.00 cash (Charles J Hely, Justice) Mittimus issued not recognizing. |
| 09/09/1994 | | 09/27/94 for motions on all matters. |
| 09/09/1994 | 3.0 | Mittimus not recognizing indictments returned with service endorsed thereon. |
| 09/27/1994 | 4.0 | Pre-trial conference report, Filed in Court. |
| 09/27/1994 | | Continued until 10/17/94 for assignment of a trial date on all matters. |
| 09/29/1994 | 5.0 | Commonwealth's Notice of Discovery, Filed in Court. |
| 11/16/1994 | | Plea of not guilty changed to guilty; accepted (Charles J Hely, Justice) Commonwealth moves for sentence. |
| 11/16/1994 | | RE offense 1: Guilty plea |
| 11/16/1994 | | RE offense 2: Guilty plea |
| 11/16/1994 | | RE offense 3: Guilty plea |
| 11/16/1994 | | RE offense 4: Guilty plea |
| 11/16/1994 | | RE offense 5: Guilty plea |
| 11/16/1994 | | RE offense 6: Guilty plea |
| 11/16/1994 | | RE offense 7: Guilty plea |
| 11/16/1994 | | RE offense 8: Guilty plea |
| 11/16/1994 | | Sentence imposed: 001 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/16/1994 | | Sentence imposed: 002 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/16/1994 | | Sentence imposed: 003 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT |

MAS-20040909

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

11/29/2004
01:08 PM

## MICR1994-01511
### Commonwealth v Serrano, Edwin

| Date | Paper | Text |
|------|-------|------|
| | | OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE |
| 11/16/1994 | | Sentence imposed: 004 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT |
| | | OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/16/1994 | | Sentence imposed: 005 - HOUSE OF CORRECTION, TWO YEARS. |
| 11/16/1994 | | Victim-witness fee assessed: $50.00 |
| 11/16/1994 | | This sentence is deemed by the Court to have commenced on.....the |
| | | defendant having been in confinement....157....days. Mitts. issued. |
| | | By the Court, Charles J. Hely, Justice. |
| 11/16/1994 | | Sentence imposed: 006 - ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT |
| | | OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/16/1994 | | Sentence imposed: ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT |
| | | OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/16/1994 | | Sentence imposed: ON FILE BY ORDER OF C. HELY, J. DEFENDANT NOT |
| | | OBJECTING THERETO. BY THE COURT, CHARLES J. HELY, JUSTICE. |
| 11/16/1994 | 6.0 | Mittimus returned with service on 005. |
| 11/17/1994 | | Attested copy of Indictment mailed to the Master of the House of |
| | | Correction, Billerica. |
| 11/17/1994 | | Abstract mailed to the Bureau of Criminal Information. |

| | | EVENTS | |
|------|---------|-------|--------|
| Date | Session | Event | Result |
| 10/17/1994 | Crim 6 (Lowell) | Conference: Trial Assignment | |
| 10/21/1994 | Crim 6 (Lowell) | Status: Review by Session | Event held as scheduled |
| 11/16/1994 | Crim 6 (Lowell) | Hearing: Plea Change | Event held as scheduled |



Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this _____ of _____