STATE OF MASSACHUSETTS   )
                         )   ss.  AFFIDAVIT OF WILLIAM T. FALLON
County of Suffolk

I, William T. Fallon, am the Acting United States Marshal for the District of Massachusetts (D/MA). I was appointed for this position by United States Attorney General Alberto Gonzales on October 3, 2005 and was sworn into office by Chief Judge William Young, District of Massachusetts, on October 21, 2005. I have over 17 years of continuous law enforcement experience, all of which with the United States Marshals Service (USMS). I have served in various management capacities during my career with the USMS to include Supervisory Deputy US Marshal in the Districts of Rhode Island (D/RI) and Northern Ohio (N/OH), Acting Chief Deputy US Marshal in the D/RI, Chief Deputy US Marshal and in the District of Oregon (D/OR) and here in the D/MA. I also served for a brief time as Acting United States Marshal in the D/OR appointed by then United States Attorney General John Ashcroft.

Among the many duties prescribed to the United States Marshal, is the responsibility to protect the federal courts and ensure the effective operation of the federal judicial system within the D/MA. Additionally, the United States Marshal assumes custody of individuals arrested by all federal agencies, within the D/MA, and is responsible for the housing of and transportation to federal court from the time they are brought into federal custody until they are either acquitted or designated to the US Bureau of Prisons (BOP).

The USMS, D/MA, employs 23 Deputy US Marshals, 2 Detention Enforcement Officers, 1 Judicial Security Inspector, 5 Supervisory Deputy US Marshals, 1 Assistant Chief Deputy US Marshal, 1 Chief Deputy US Marshal as well as the position of US

Marshal. The total number of operational personnel in the D/MA is 34 which is down considerably from the 46 we had in 2002. The total number of administrative personnel employed in the D/MA is 8, down from 9 in 2002.

The USMS D/MA's current prisoner population exceeds 600. Since 2000, this number has steadily increased from an average daily prisoner population of 476 to our current total – a 28% increase. An unprecedented daily prisoner count of 613 was reached on December 12, 2005. Federal prisoners within the District of Massachusetts are housed in 12 different state and county facilities, as well as the private facility located in Rhode Island.

Effective prisoner management is a key factor in ensuring the effective operation of the federal judicial system. Based on my experience as a USMS manager in several districts, the USMS has seldom honored requests for federal prisoners in USMS custody pursuant to state or local writ. The USMS has a specific policy addressing the writs of habeas corpus for the production of federal prisoners in state courts. The policy states the USMS is not required to honor state writs.

According to senior mangers in the D/MA USMS, this office has experienced instances of federal prisoners being sentenced in state court and remanded to state custody. We have also experienced prisoners being released by a state court and not returned to federal custody. There has been 2 instances recently of state courts releasing prisoners the USMS had placed detainers on. This is a common problem, not only in Massachusetts, but in the many districts where I have worked. The state courts and the custodians of prisoners at the state level do not have as accurate a prisoner tracking system as the USMS which results in the release of prisoners who are actually in federal

custody. In many instances the release has resulted in a dangerous felon, being held because he or she is a danger to the community or a risk of flight, being placed out in the public where they could potentially cause serious injury to others. The instances where this has happened has caused a burden on the USMS to conduct a fugitive investigation and apprehend these released prisoners. As a general rule, state writs are not honored until the prisoner has been sentenced and will only be honored if the time the prisoner is away from federal custody does not interfere with the placement of the prisoner into the BOP designated facility where the prisoner will carry out his or her federal sentence.

There has been instances where the USMS has honored state writs of habeas corpus for prisoners in federal custody. In the event the USMS decides to honor a state Writ, the USMS will consider the prisoner's medical condition, the prisoner's threat level and any potential conflicts with the prisoner's federal court schedule. The USMS has a procedural policy which is required to be followed by the authority making the request. In addition the D/MA USMS has a local procedural policy which is required. Processing State writs for federal prisoners can be taxing on our administrative staff. Each writ received can take considerable time to completely process which includes verification of the prisoner's location, reviewing the court schedule, compiling all of the necessary requirements for honoring the writ, and coordinating the transportation schedule with the local jail and requesting agency. As stated earlier, the D/MA has an unprecedented amount of prisoners in our custody and a reduced workforce, both operational and administrative, which makes it difficult to take on additional non essential duties.

In this specific request, the writ for the production of Edwin Serrano was never received by the USMS, nor did the Essex County Sheriffs office, where Mr. Serrano is

being housed, have a record of receiving the writ. The USMS must receive a certified copy of the local writ (with the seal of the court) directed to the United States Marshal at least 10 business days prior to the local hearing date. The local official making the request will determine in writing from the D/MA United States Attorney's office the availability of the prisoner based on the prisoner's scheduled appearances in federal court. The official or the attorney from the requesting local jurisdiction must include the the prisoner's name and any numeric identifiers, a statement indicating the need for the appearance including charges against the prisoner, the name of the court where the prisoner will appear, the contact information for the law enforcement agency responsible for transporting the prisoner, and the projected date of return. The official making the request must also provide a statement in the writ stating the requesting jurisdiction will be responsible for the safekeeping, secure custody and care of the prisoner at no cost to the federal government. The statement must also include the jurisdiction agreement to return the prisoner to the custody of the USMS upon the completion of the local hearing or at any time demanded by the USMS for federal court appearances. In the event there is a writ for a prisoner who has not been sentenced on his or her federal charges, the requesting jurisdiction will receive written permission from the US Attorney's office and the presiding US District Court Judge before the writ will be considered by the USMS.

    In the case involving Edwin Serrano, the requesting jurisdiction, Middlesex County Superior Court, did not follow USMS policy in issuing the writ of habeas corpus for the defendant. The USMS will honor a future writ of habeas corpus from Middlesex County superior court based on your honor's order. Middlesex County Superior Court Will be informed of USMS policy and will be instructed to follow our procedure to

follow when making future requests.

WILLIAM T. FALLON
Acting United States Marshal
District of Massachusetts

SUBSCRIBED AND SWORN to before me this 14TH day of December, 2005.

Notary Public for Massachusetts

My commission expires: 5/11/2012