UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                            CRIMINAL NO. 04-10044-MLW

EDWIN SERRANO

## SUPPLEMENT TO DEFENDANT'S SENTENCING MEMORANDUM

Edwin Serrano ("the Defendant"), in the above-numbered Indictment and through Counsel, submits the following Supplement to his previously filed Sentencing Memorandum. In doing so, he incorporates by reference his original Memorandum.

Some months subsequent to the Defendant's Sentencing Memorandum, the First Circuit decided United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006), establishing a sentencing protocol – as clearly as can be possible – in the aftermath of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

The beginning of the Court's opinion makes it unambiguous that 'reasonableness' is the touchstone of post-Booker sentencing.[1] Hand-in-glove with that precept, the Court found that the United States Sentencing Guidelines were not "presumptively controlling," and that a Guidelines sentence was *not* "per se reasonable." 440 F.3d 518. Although the Guidelines are not simply 'another factor' in the process of disposition, "…[they] are still *generalizations*." *Id*., emphasis in original.

"*Booker's* remedial solution makes it possible for courts to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of

---

[1] "[S]entences would be reviewable for reasonableness whether they fell within or without the guidelines." Jimenez-Beltre, at 440 F.3d 517.

reasonableness." Id.

The holding in Booker has permitted the statutory sentencing mandates of 18 U.S.C. §3553[2] to emerge with new vitality and prominence, where they were, pre-Booker, effectively trumped. Or at least in part neutralized. Indeed, in his concurring Opinion, Judge Torruella states unequivocally:

> Finally, I think it is of *critical importance* that the majority opinion be understood to reinforce our commitment to the statutory requirement that, *in all cases*, district courts must impose sentences that are 'sufficient, but not greater than necessary' to effectuate the goals of criminal punishment, as articulated in 18 U.S.C. § 3553(a). In articulating its reasons for imposing any sentence, the district court must make clear reference to this *central principle*.

Id., at 440 F.3d 521, emphasis supplied.

In *his* Concurring Opinion, Judge Howard put an even point on it:

> The so-called 'parsimony' provision, which requires that sentences be only as long as necessary to serve the purposes listed in section 3553(a)(2), has received scant attention from courts. Commentators note that this provision '…is not just another "factor" to be considered along with others set forth in Section 3553(a)… -- it sets an independent limit on the sentence a court may impose.'

Id., at 440 F.3d 526, citations omitted. Judge Howard also observed that the 'parsimony' provision is the lead-off language in §3553. It is a charter clause, governing those sentencing provisions which follow it.

The Probation Department's calculus of the Defendant's offense level places him in the 262 – 327 month Guidelines range. This is about twenty-two years. Even given a

---

[2] Section 3553 has been raised pointedly in Defendant's original Sentencing Memorandum. Because Jimenez-Beltre post-dates that document, the Court may forgive its further reference in the instant document.

2

fifteen percent statutory reduction, such a sentence would warehouse the Defendant until his late forties; it would – for all that mattered – extinguish the bulk of his vital years.

The Defendant recognizes and acknowledges the severity of his offense, and accepts the fact that he will necessarily endure a long commitment. Nonetheless, he urges this Court to undercut the 262 – 327 month sentencing range. It is not mandatory.

Although the Defendant has a serious criminal record, it is brief and he has been duly punished – incarcerated -- for his offenses. Those that count are three – two of them are nearly twelve years old and one is nearly ten years old. These three convictions resulted in a Criminal history score of 9 and, because the present offense was committed while he was still under the jurisdiction of the Massachusetts Superior Court, this figure was enhanced by two points. Left alone, his convictions would place the Defendant in Criminal History Category IV.[3] With the enhancement, he ascends to Category V.[4]

But because under the Guidelines he is a 'career offender,' his Criminal History Category escalates – automatically, and with no *acceptable* rationale – to VI. The Defendant assigns that this is fundamentally unfair, and amounts to multiple punishment not only for his present offense conduct, but also for conduct for which he has discharged his sentencing obligations. He has been punished once for his State convictions. His status as a career offender – if the Guidelines are observed – suggests that he will be punished not only for the offense before this Court, but again for having committed prior offenses, and yet again because of the automatic upward shift in his Criminal History Category. The Defendant says that the application of the Guidelines as calculated by the Court's Probation Department will represent multiple retribution for a single offense, in

---

[3] With a Guidelines sentencing range of 210 – 262 months.
[4] With a Guidelines sentencing range of 235 – 293 months.

3

direct contradiction to the Double Jeopardy Clause of the Fifth Amendment.

The section of the Government's Memorandum which addresses the issue of 'career offender' argues the Congressional intent of 28 U.S.C. §994(h) be taken into serious consideration by this Court in order that the Court find the Defendant to be a career offender. The flaw in this argument is that §994(h) is a *policy directive* to the Sentencing Commission, not a sentencing vehicle itself. That is, §994(h) exhorts the Commission to assure that its Guidelines provide near-statutory maximum penalties for a career offender. The remaining problem is, of course, that the Guidelines – even those under U.S.S.G. §4B1.1, which characterized the Defendant as a career offender – are no longer mandatory. To be sure, a Court may adopt them, but it is not lawfully obliged to. The Government goes on in its memo with a narrative explaining how bad a character the Defendant is. Every party to this case – including the Defendant – knows he has been a bad man. But he has effectively committed one serious crime in the present sense – his others predated the instant offense by ten-twelve years.

Aside from such considerations, a Guidelines sentence here would be fundamentally unfair. A lesser sentence would still reflect the gravity of the offense and provide just punishment. It would deter – insofar as deterrence may be effected, there are those to whom a death sentence is not prohibitive of criminal conduct – others from similar acts. It would certainly prevent the Defendant from any public criminal behavior, and it would provide the Defendant with educational and other corrective treatment measures. It would not require twenty-two years, in the Defendant's case, to accomplish these goals.

Finally, the Defendant claims umbrage under <u>Blakely</u> v. <u>Washington</u>, 542 U.S.

4

296, 124 S.Ct. 2541 (2004) which held that any element of proof, any fact, which would increase the length of a defendant's sentence upon conviction was required to be proved to a jury, beyond a reasonable doubt.  Such was not the case here, and the Defendant asks on that basis that this Court not consider his prior convictions for purposes either of the career offender provisions, or for the calculus of his Criminal History Score.

In asking such relief, the Defendant is fully aware of the 'conviction exception' to the requirements of  Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) and Blakely, held over from the case of Almenmdarez-Torres v. United States, 523 U.S. 224, 228 S.Ct. 1219 (1998).  He does so even though this Circuit recognizes the "continuing vitality" of Almenmdarez-Torres, "…until it is expressly overruled." Jimenez-Beltre, *supra*, at 440 F.3d 520.

Because the Supreme Court itself agrees that Almenmdarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almenmdarez-Torres was wrongfully decided" [Shepard v. United States, 544 U.S. 13, 27, 125 S.Ct. 1254 (2005)], the day Almenmdarez-Torres is overruled may be sooner than later.

The statute under which the Defendant has been charged requires a ten year sentence.  Although the Court can exceed this figure, it is not obligated to, under any circumstances.

/s/Roger Witkin
Roger Witkin
6 Beacon Street, Suite 1010
Boston, Massachusetts   02108
Tel. (617) 523-0027
Fax (617) 523-0024
BBO No. 531780

DATED:      June 19, 2006

5

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                    CRIMINAL NO. 04 10044 MLW

EDWIN SERRANO


CERTIFICATE OF SERVICE


I hereby certify that on this day a true copy of the within document was served upon the attorney of record for the United States, AUSA Peter K. Levitt and AUSA John A. Wortmann, Jr. by electronic filing, which was e-filed this day.


                                                         */s/ Roger Witkin*
Roger Witkin
6 Beacon Street, Suite l0l0
Boston, MA 02l08
Tel. 6l7 523 0027
Fax 6l7 523 2024
BBO No. 53l780

DATE:  June 19, 2006

6