UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                                     CRIMINAL NO. 04-10044-MLW

EDWIN SERRANO

### DEFENDANT'S RESPONSE TO GOVERNMENT'S JUNE 20, 2006 PLEADING

Edwin Serrano ("the Defendant"), in the above-numbered Indictment and through

Counsel, submits the following response to a June 20, 2006 Government pleading entitled

**Motion to Seal Government's Criminal History Chronology and to File One Day Late.**

**Facts:**[1]

The Govermnent's submission concerning the Defendant's criminal history – to assist the

Court at sentencing – claims that its data are drawn "drawn directly from unobjected to portions

of the Presentence Report in this matter." If this be so, it is curious that the Motion has been filed

at *all*, let alone under seal and a day late.  This Court has read perhaps hundreds of presentence

reports and certainly would have no difficulty in understanding the instant  Presentence Report,

which presents no conceptually complex issues requiring consultation with the Government.

Should the Court have *any* questions concerning the Report, the author of the document – as part

of his professional expertise – stands ready to respond.

The Defendant is bemused that the Government should file its pleading under seal, but

perceives no reason *at this point* to object.  As to the Prosecutor's request for leave to file the

Motion one day late, it would be simply venal on the part of the defense to make an issue out of

it; there is not objection on that score.

---

[1]    The Defendant maintains the integrity of his own previous sentencing submissions, and incorporates them by

The content of the Government's Motion, however, is a different matter. It seems the Government has seized the opportunity to further – and unnecessarily – 'tar' the Defendant before he is sentenced. Perhaps this is a new approach created in a post-Booker[2] world, an attempt to utterly disenfranchise a defendant of any humanity worth remaining to him after the Probation Department has already in-depth apprised the Court of such a Defendant's criminal past.

Whatever the motives, whatever the provenance to the Government's Motion, the Defendant objects to its admission, and objects to this Court's consideration of it as a factor in the Court's determination of an appropriate sentence for Mr. Serrano.

The objection extends to the *content* of the Government's pleading as well. In some of its constituent elements, it is at least misleading, and sometimes wholly inaccurate.

**Entry 1**[3] of the Government's effort, referring to ¶70 of the [Revised] Presentence Report ("the Report"), assigns as "Relevant Info" that the Defendant was "arrested on a cocaine charge." The Government omits that the Commonwealth foreswore prosecution by entering – at its own behest – a *nolle prosequi*.

    -- In between Entry 1 and Entry 2, there is an unqualified assertion that the Defendant threatened to kill one Sandra Ramirez. Corresponding ¶93 of the Report – circumspectly – only references an *allegation* by Ms. Ramirez to this effect, not a *fact*. The rest in Government 'spin.'

**Entry 2** creates a tempest in a teapot. It refers to ¶58 of the Report, covering a weapon and assault charge which occurred while the Defendant was on pretrial release from the cocaine arrest, above. It neglects, of course, to mention that the cocaine charge was '*nol prossed*.' It

---

reference herein, as if repeated in full.
[2]   United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

2

also indirectly impugns the criminal justice system of the Commonwealth of Massachusetts, as if some action ought to have been taken where none, in fact, was indicated.

**Entry 3** appears to be an accurate reprise of the matter in ¶59 of the Report. Once again, however, the Government injects the '*nol prossed*' cocaine charge into the mix, as though this enhanced the offense, or the Commonwealth has somehow missed an opportunity to add to the Defendant's punishment. By now, the cocaine charge has become a repetitive red herring in the Government's assertions.

**Entry 4**, however, seems to extract the cocaine charge from the *data*, but only after its use as an illusionary 'enhancement' to the forgoing charges.

**Entry 5** appears to have been accurately drawn from ¶58 of the Report.

**Entry 6**, however, while it may be factually accurate, asserts that the underlying conduct of another cocaine charge – for which the Defendant *was* convicted and incarcerated – occurred while the Defendant was on probation for the charge reference in Entry 3, above. But this observation bore no weight with the manner in which the Commonwealth Courts treated the Defendant, nor does it carry any merit as a *datum* for which the Defendant could receive an enhancement under the Federal Guidelines.

**Entry 7** appears accurate.

**Entry 8** appears accurate, including its inset. But this is mere repetition of material already contained in the Report.

**Entry 9** reflects a cocaine arrest from ¶71 of the Report and, once again, has the arrest occurring while the Defendant was on probation for an earlier sexual assault case. The cocaine case was, of course, dismissed, which is not mentioned by the Government in this entry. The inset reference in this entry state categorically that the Defendant "became violent with Sandra

---

3    The "Entry" numerals herein correspond directly with those in the Government pleading.

Ramirez." This is a deliberate misstatement on the part of the Sovereign. As ¶94 of the Report indicates, this was not a fact, but rather an untested allegation on the part of Ms. Ramirez. The Report makes this clear.

**Entry 10** appears to the accurate until it ventures into editorialism. The Government claims as unchallenged fact that the Defendant assaulted one Raquel Taveras. To quote the Government, the Defendant "points gun to her head and fires gun three times." The inference is obvious, yet Ms. Taveras did not sustain so much as a powder burn in her head. As the Probation information makes abundantly clear, the claim of the assault was couched in Ms. Taveras' words, untested by cross-examination.[4]

**Entry 11** appears to be accurate.

**Entry 12** appears to be accurate.

**Entry 13** and its inset appear to be accurate.

**Entry 14** appears to be accurate.

**Entries 15 and 16** – involving the same case – appear to be accurate.

**Entries 17 and 18** involve the conduct underlying the pleaded Counts upon which this Court will sentence the Defendant. The fact that such conduct occurred while the Defendant was still under the jurisdiction of a Massachusetts Court – because of <u>Booker</u> – no longer *requires* the Guidelines enhancement under such circumstances.

**Entry 17**[5] appears to be accurate.

**Entry 18**[6] appears to be accurate.

---

[4]    These claimed assaults were reported to Massachusetts Courts and resulted in '209A' abuse prevention orders – 'stay-away' orders.
[5]    This is a Government numerically ordinal error,  it should be Entry 19.

[6]    Another Government numerically ordinal error, it should be 20.

Without impugning the Government's motives for its eleventh-hour filing, the Defendant nevertheless says that its content, some of it inaccurate, much of it misleading, or mischaracteristic of *actual* facts, presents a more nefarious picture of the Defendant than is warranted. If integrated into this Court's decision on the Defendant's sentence, the information is likely to hurt him to a degree not even contemplated by the Guidelines. The Probation Department's Report in comprehensive and well researched sufficient unto to day. It is not lacking in diligently acquired material and is not in need of Government editorializing or 'spin' to be of proper value to this Court at the time of disposition.

Therefore, the Defendant asks that the Government "Chronology" be not accepted as part of the sentencing record and that this Court take no heed of it whatever in its consideration of the fate of Mr. Serrano.

**IF NECESSARY, THE DEFENDANT REQUESTS ORAL ARGUMENT.**

*/s/Roger Witkin*
Roger Witkin
6 Beacon Street, Suite 1010
Boston, Massachusetts   02108
Tel. (617) 523-0027
Fax (617) 523-0024
BBO No. 531780

DATED:       June 21, 2006

5

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                             CRIMINAL NO. 04 10044 MLW

EDWIN SERRANO


CERTIFICATE OF SERVICE


I hereby certify that on this day a true copy of the within document was served upon the attorney of record for the United States, AUSA John A. Wortmann, Jr. by hand delivery and electronic filing, which was e-filed this day.


*/s/ Roger Witkin*
Roger Witkin
6 Beacon Street, Suite l0l0
Boston, MA 02l08
Tel. 6l7 523 0027
Fax 6l7 523 2024
BBO No. 53l780

DATE:  June 21, 2006