# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-2099

UNITED STATES,

Appellee,

v.

EDWIN SERRANO,

Defendant, Appellant.

Before

Lynch, <u>Circuit Judge</u>,
Campbell and Selya, <u>Senior Circuit Judges</u>.

JUDGMENT

Entered: May 16, 2007

    Appellant makes two main arguments in regard to his sentence. First, he states that he did not receive adequate notice of the government's intention to ask the court to designate him as a career offender. This contention is belied by the record, which indicates that the career offender issue was raised in the indictment itself, and again at the change of plea and sentencing hearings. There was no objection in the district court to this designation at any point in the process. We see no error and certainly no plain error with regard to either the designation or the notice of it.

    Second, appellant contends that his sentence was unreasonable, for three reasons. He argues, first, that his criminal history was over-represented, but the court's finding to the contrary is fully supported by the record. Second, he challenges the allegedly unwarranted disparity between his sentence and those meted out to "closely related defendants." However, appellant cannot be considered similarly situated to defendants who had shorter criminal histories, dealt in different controlled substances, or

provided substantial assistance to the government. In any case, the advisory guidelines aim at national uniformity. United States v. Saez, 444 F.3d 15, 18-19 (1st Cir.), cert. denied, 127 S.Ct. 244 (2006). Finally, appellant regards his sentence as too severe. The record indicates that the court conducted the sentencing hearing with precision and care, keeping in mind both the protocol approved in United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006), cert. denied, 127 S.Ct. 928 (2007), for implementing United States v. Booker, 543 U.S. 220 (2005), and the factors listed in 18 U.S.C. § 3553(a). The transcript of the hearing provides a thorough and persuasive explanation of a defensible result. The long sentence, 262 months of imprisonment, reflects appellant's decision to traffic in cocaine and cocaine base after a long history of offenses, violations of probation, and other conduct indicative of disregard for the law. While various sentencing factors were considered, the court made clear that the sentence was driven mainly by the finding that there was a need to protect the community from appellant's seemingly unstoppable and serious criminal conduct.

The government's motion for summary disposition is granted.

The judgment is affirmed. See 1st Cir. R. 27.0(c).

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk
[signature]
Deputy Clerk
Date: JUN 0 6 2007

By the Court:

Richard Cushing Donovan, Clerk.

By: ___MARGARET CARTER___
   Chief Deputy Clerk.

[cc: Messrs: Witkin, Levitt, Ms. Chaitowitz and Ms. Zacks]