```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
      v.                      )     Cr. No. 04-10044-MLW
                              )
EDWIN SERRANO,                )
      Defendant.              )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        November 24, 2010

    Defendant Edwin Serrano is serving a 262 month sentence for distribution of cocaine base. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which, as of March 3, 2008, generally retroactively reduces by two levels the offense level for crimes involving crack cocaine, Serrano moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §2B1.10 (the "Motion"). As Serrano is indigent, counsel was appointed to represent him. The government and counsel for the defendant have conferred and filed a Joint Status Report concerning the Motion. Separately, Serrano, without the assistance of appointed counsel, has filed another motion for a reduced sentence.

    In the Joint Status Report, the government asserts that the defendant is ineligible for a sentence reduction because he was sentenced as a career offender under U.S.S.G. §4B1.1, not under the crack cocaine provisions of U.S.S.G. §2D1.1. The Probation Office concurs with this assessment. Serrano asserts that he is eligible for a sentence reduction, although he acknowledges that under existing case law, an individual sentenced based on the career offender guidelines is not entitled to a sentence reduction

pursuant to Amendment 706.

In his second motion for a sentence reduction, filed pro se, Serrano argues, among other things, that the court's statement at sentencing that Serrano's record of convictions is "shorter than most" indicates that a departure from the career offender guidelines was warranted.

The sentencing transcript reveals that the court found that Serrano was a career offender with a total offense level of 34 and a sentencing guideline range of 262 to 327 months. June 23, 2006 Tr. at 21. The transcript also shows that while the court did note that Serrano had "a shorter record of convictions than most of the people that [the government] bring[s] in here," it ultimately decided not to depart downward from the career offender guidelines, citing the danger posed by Serrano to the community and the need to deter Serrano and others. The court sentenced Serrano to 262 months' incarceration, the low end of the guideline range. Id. at 25, 39, 40.

Because Serrano was sentenced under the career offender guidelines, he is not eligible for a reduction of his sentence as a result of Amendment 706. See United States v. Cardosa, 606 F.3d 16 (1st Cir. 2010); United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008).

Therefore, it is hereby ORDERED that Serrano's motions to reduce sentence (Docket Nos. 83 and 92) are DENIED.

       /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE